MARATHON COUNTY and another, Respondents, vs. EAU CLAIRE COUNTY, Defendant: TOWN OF FAIRCHILD, Appellant.

*March 7—April 8, 1958.*

The cause was submitted for the appellant on the brief of *John D. Kaiser,* special counsel for Eau Claire County Department of Public Welfare, and for the respondents on the brief of *Ronald Keberle,* district attorney of Marathon county, and *Robert C. Altman,* assistant district attorney, and *John W. Kelley,* city attorney of Wausau.

CURRIE, J. Par. (b) of sec. 49.11 (3), Stats., provides that, if a municipality grants relief to a person claiming legal settlement in another county, the municipal clerk shall file with the clerk of his county a notice as prescribed in par. (f) of such statute; and such county clerk is then required to file a copy of such notice with the county clerk of the county in which the relief recipient claims to have settlement. Par. (c) of such statute requires the latter county clerk to file a copy of such notice with the clerk of the municipality in which settlement is claimed unless the county is under the county system of maintaining its dependents. Neither Marathon nor Eau Claire counties are under such county system. Par. (f) of sec. 49.11 (3) requires such notice to be in a form prescribed by the state department of public welfare, and the respective clerks are required in filing such notice or a copy thereof, to accompany such filing with

a copy of the relief recipient's "sworn statement of facts relating to his legal settlement."

After the city of Wausau made the relief disbursement for the benefit of Mrs. Deacon the city clerk filed the notice required by par. (b) of sec. 49.11 (3), Stats., with the county clerk of Marathon county, and the county clerk of Marathon county in turn filed a copy of such notice with the county clerk of Eau Claire county. The county clerk of Eau Claire county then filed a copy of such notice with the town clerk of the town of Fairchild where Mrs. Deacon claimed she had legal settlement. A copy of the notice so filed was not offered in evidence. This is because it was stipulated at the hearing before the department by counsel for all parties that a proper notice had been filed with the town of Fairchild on or about November 23, 1955. From this stipulation we assume that the provisions of par. (f) of sec. 49.11 (3) were fully complied with and that included with the copy of notice so filed was Mrs. Deacon's sworn statement setting forth the facts upon which she claimed to have legal settlement in the town of Fairchild.

Par. (h) of sec. 49.11 (3), Stats., provides:

"Unless the municipality (or county when on the county system or when the dependent persons are county settled) upon which such nonresident notice is filed shall within twenty days deny that the dependent's settlement is as claimed, it shall be liable for his support until said denial is made. *The denial shall state the facts upon which settlement is disputed,* and copies shall be filed with all municipal and county clerks involved in the giving or transmission of the nonresident notice." (Italics supplied.)

The point at issue on this appeal is whether there was compliance by the clerk of the town of Fairchild with the italicized words in the above-quoted statutory provision. There is no dispute but that such town clerk did file a timely

notice denying liability with the clerks of both Marathon county and the city of Wausau. However, both the state department of public welfare and the circuit court held that such notice was fatally defective because it did not *"state the facts upon which settlement is disputed"* as required by par. (h) of sec. 49.11 (3), Stats. As the facts were brought out at the hearing before the department, Mrs. Deacon did not have her legal settlement in the town of Fairchild although her husband had resided there many years before. Her actual legal settlement was in the village of Fairchild, which is also in Eau Claire county.

The material sentence of the notice denying liability for the relief supplied by the city of Wausau to Mrs. Deacon and her children reads as follows:

"This is to inform you that the town of Fairchild, Eau Claire county, denies any and all responsibility for relief granted to the above mentioned on the grounds that the town of Fairchild, Eau Claire county, firmly believe that they do not have legal settlement in the town of Fairchild, Eau Claire county."

It is apparent that such notice stated no facts as the basis for denying legal settlement. Because the notice filed with the town clerk was presumably accompanied by Mrs. Deacon's sworn statement setting forth the facts upon which she claimed to have her legal settlement in the town, it would have been an easy matter for the town clerk to have stated, in his notice denying liability, in what respects he disputed such asserted facts. Instead, he merely denied legal settlement, although the liability of the town was expressly and unequivocally denied. We are faced with the question of whether the provision in par. (h) of sec. 49.11 (3), Stats., which provides that the notice denying liability shall state the facts upon which settlement is disputed, is directory or mandatory in nature.

It is a general rule of statutory construction that, where a legislative provision is accompanied by a penalty for a failure to observe it, the provision is held to be mandatory. 50 Am. Jur., Statutes, p. 49, sec. 27, and 82 C. J. S., Statutes, p. 872, sec. 376. In the instant case a severe penalty is invoked upon a municipality whose clerk fails to file a proper notice of denial of liability in a situation where originally there was no liability resting upon it. However, this factor is of no aid to us in resolving the dilemma of statutory interpretation here confronting us. This is because we first have to determine whether it is mandatory that the notice denying liability "state the facts upon which settlement is disputed" before the penalty provision comes into play. In other words, if we hold these statutory words to be mandatory then there is a penalty imposed for their omission in the notice of nonliability, but not if we hold such words to be merely directory in nature.

In determining whether a statutory provision is mandatory or directory in character, other factors to be considered in addition to that of the imposition or absence of a penalty, are the objectives sought to be accomplished by the statute, its history, and the consequences which would follow from one or the other construction. *Worachek v. Stephenson Town School Dist.* (1955), 270 Wis. 116, 70 N. W. (2d) 657.

The apparent objective of requiring a municipality, which has received notice that another municipality has supplied relief to a person who claims legal settlement in the first-mentioned municipality, to give the notice of denial of settlement is so the supplier of the relief may proceed to make a further investigation and start the wheels in motion to give notice to the municipality wherein the recipient of the relief actually has his legal settlement. Therefore, if the notice of denial does not state the facts upon which the same is based,

it will furnish no guide to the other municipality as to the further steps it must take to protect itself. On the other hand, if the notice of denial of liability does state the facts upon which settlement is denied, it may appear from such facts that the denial is based upon a mistaken view of the law of legal settlement. In such latter case there would be no need for the municipality supplying the relief to search out another municipality upon which to attempt to fasten liability. In the instant case the clerk of the town of Fairchild equated legal settlement with residence and thought, by the wording used in his notice denying liability, that he was denying that Mrs. Deacon ever lived in the town. However, if he had asserted in the notice of denial of liability that she had not lived or resided in the town of Fairchild, the city of Wausau would then have been put upon notice that it must make a further investigation as to where she had lived before coming to Wausau. When the city of Wausau received the notice of denial of liability it was too late for it to take steps to seek reimbursement for the $45.30 elsewhere. A proper notice of denial stating facts might have been of assistance to the city in obtaining reimbursement for further relief supplied to Mrs. Deacon.

The history of sub. (3) (h) of sec. 49.11, Stats., throws no light of legislative intention on the problem of statutory interpretation with which we are confronted. The material portion of such subsection was first enacted into law by ch. 338, Laws of 1937, as part of sub. (4) of sec. 49.03. The records in the legislative reference library merely disclose that it originated as Bill No. 499, A., introduced into the 1937 legislature by its author, Assemblyman Lytie; and that the legislative reference library drafted the same upon typewritten instructions received from him. By ch. 418, Laws of 1943, the particular provision in question was placed in sub. (3) (h) of sec. 49.03, and then in the revision and codification of the relief laws made by ch. 585, Laws of 1945,

the numbering was changed to sub. (3) (h) of sec. 49.11, and a minor immaterial change in wording was made.

It is the factor of the consequences, which would follow from adopting the interpretation that this particular statutory clause is mandatory, that is rather disturbing to this court. For example, as applied to the facts of this case, a town is shouldered with the ultimate liability for relief supplied to a person who never resided in the town, nor had her legal settlement there. And this is in spite of the fact that a prompt notice of denial of liability was filed by the town clerk with the clerks of both Marathon county and the city of Wausau. However, in stating what the contents of the notice denying liability is to contain, the legislature has employed the word *"shall,"* and has included it in the same sentence in which the time for serving the notice itself is specified.

While we dislike the result, nevertheless, we are compelled to the determination that the objective sought to be achieved would be defeated if we did not hold the clause in question to be mandatory in character. The wording employed also is that ordinarily used in stating a mandatory requirement. The consequences which follow from such interpretation, while harsh, are not so absurd as to tip the scales in favor of a construction that the statutory words in question are but directory in nature. 50 Am. Jur., Statutes, p. 49, sec. 26.

In *Holland v. Cedar Grove* (1939), 230 Wis. 177, 189, 282 N. W. 111, the court stated:

"Municipal corporations have no private powers or rights as against the state. . . .

"The legislature having full power with respect to the furnishing of poor relief, it may prescribe the conditions under which it is to be furnished; the municipality to be

charged with the duty of furnishing it and what municipality shall be ultimately liable."

*By the Court.*—Judgment affirmed.