KENOSHA COUNTY DEPARTMENT OF SOCIAL SERVICES,
Plaintiff-Appellant,†

v.

Nels J. NELSEN and Judith Nelsen, Defendants and
Third-Party Plaintiffs-Respondents,

Bronson C. La Follette, as Attorney General, State of
Wisconsin, Third-Party Defendant.

Court of Appeals

*No. 79–774. Submitted on briefs December 5, 1979.—
Decided February 18, 1980.*
(Also reported in 290 N.W.2d 544.)

† Petition to review granted. ABRAHAMSON, J., took no part.

For the plaintiff-appellant, a brief was submitted by *Frank Volpintesta,* corporation counsel and *Bernard R. Vash,* assistant corporation counsel, both of Kenosha.

For the defendants and third-party plaintiffs-respondents, a brief was submitted by *Terry L. Constant* of Kenosha.

Before Voss, P.J., Brown and Bode, JJ.

VOSS, P.J. This appeal involves the construction of sec. 49.195, Stats.[1] The trial court granted summary

[1] Section 49.195, Stats.:
**Recovery of aid to families with dependent children.** (1) If any parent at the time of receiving aid under s. 49.19 or at any time thereafter acquires property by gift, inheritance, sale of assets, court judgment or settlement of any damage claim, the county granting such aid may sue the parent to recover the value of that portion of the aid which does not exceed the amount of the property so acquired. During the life of the parent, the 10-year statute of limitations may be pleaded in defense against any suit for recovery under this section; and if such property is his or her homestead it shall be exempt from execution on the judgment of recovery until his or her death or sale of the property, whichever occurs first. Notwithstanding the foregoing restrictions and limitations, where the aid recipient is deceased a claim may be filed against any property in his or her estate and the statute of limitations specified in s. 859.01 shall be exclusively applicable. The

judgment for the defendants. On appeal, the plaintiff contends the following: (1) the motion for summary judgment should have been denied because there is a genuine issue as to material facts, and (2) the acquisition of property through the receipt of lottery winnings is sufficiently similar to the enumerated methods of acquisition of property to allow recovery of public assistance under sec. 49.195, Stats. We disagree and affirm the trial court.

Summary judgment is a drastic remedy. *American Orthodontics Corp. v. G. & H. Ins. Agency, Inc.*, 77 Wis. 2d 337, 341, 253 N.W.2d 82, 84 (1977). Section 802.08 (2), Stats.,[2] provides "that summary judgment shall be rendered when no material facts are in dispute and

court may refuse to render judgment or allow the claim in any case where a parent, spouse or child is dependent on the property for support, and the court in rendering judgment shall take into account the current family budget requirement as fixed by the U. S. department of labor for the community or as fixed by the authorities of the community in charge of public assistance. The records kept by the county are prima facie evidence of the value of the aid furnished. Liability under this section shall extend to any stepparent whose family receives aid under s. 49.19 during the period he or she is a member of the same household, but his or her liability is limited to such period. This section does not apply to medical and health assistance payments for which recovery is prohibited or restricted by federal law or regulation.

[2] Section 802.08(2), Stats., states the following:

The motion shall be served at least 20 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

only a question of law is presented." *Kraemer Bros. v. United States Fire Ins. Co.,* 89 Wis.2d 555, 565, 278 N.W.2d 857, 861 (1979). In commenting further on the summary judgment rule, the Wisconsin Supreme Court has stated the following:

In view of the changed language of the summary judgment rule, we can, as a general proposition, no longer accord the trial court wide latitude in deciding to grant or deny summary judgment. . . . We would be required to reverse the order [denying summary judgment] if on the record there appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." . . . [Citations omitted.] *Wright v. Hasley,* 86 Wis.2d 572, 578–79, 273 N.W.2d 319, 322–23 (1979).

Prior to his marriage to Judith Nelsen, Nels Nelsen won $300,000 in the Illinois Lottery. According to the terms of the lottery, Nels Nelsen receives $20,000 a year for fifteen years; he splits this amount with his father. At the time of her marriage to Nels Nelsen, Judith Nelsen had four children by a prior marriage and had been receiving aid from the Kenosha County Department of Social Services. The children continued to receive AFDC after the marriage to Nels Nelsen.

Upon learning of Mr. Nelsen's lottery winnings and marriage to Judith Nelsen, the Kenosha County Department of Social Services made a formal demand of the defendant to repay the amount of AFDC granted to the stepchildren of Mr. Nelsen during the time they were members of his household. Furthermore, the Department sought reimbursement for the continuing grant that would be paid to Judith Nelsen on behalf of her children. Nelsen refused to pay and suit was commenced pursuant to sec. 49.195, Stats.

Section 49.195(1), Stats., provides in part as follows:

If any parent at the time of receiving aid under s. 49.19 or at any time thereafter acquires property by

gift, inheritance, sale of assets, court judgment or settlement of any damage claim, the county granting such aid may sue the parent to recover the value of that portion of the aid which does not exceed the amount of the property so acquired. . . .

Liability under sec. 49.195, Stats., extends to stepparents whose family receives aid during the period he or she is a member of the same household.

The trial court found the legislature had been specific in wording sec. 49.195, Stats., and the legislature had not included this type of windfall (lottery proceeds) as a method of acquiring property which entitles the county to recover. Therefore, lottery proceeds do not fall under the provisions of sec. 49.195, Stats., and the trial court granted summary judgment for the defendants.

Plaintiff contends defendants' income tax returns reveal Nels Nelsen sold inventory during the operation of his business in 1975 and 1976. Therefore, the plaintiff argues the defendant fell within the literal terms of sec. 49.195, Stats., because he acquired property by the "sale of assets."

The complaint sets forth only a cause of action with regard to the lottery proceeds. Additionally, the relevant pleadings, affidavits, and other papers are directed to this issue. In his affidavit in support of summary judgment, Nels Nelsen specifically denies the acquisition of property through the sale of assets during the period of his marriage to Judith Nelsen. The income tax returns alone are not sufficient to raise a genuine issue as to Nelsen's acquisition of property by the sale of assets.

When there are no material facts in dispute and only a question of law is presented, summary judgment shall be rendered. The construction of a statute is a question

of law. *See Wisconsin Bingo Supply and Equipment Co. v. Wisconsin Bingo Control Board,* 88 Wis.2d 293, 308, 276 N.W.2d 716, 723 (1979) ; *Robinson v. Kunach,* 76 Wis.2d 436, 446, 251 N.W.2d 449, 453 (1977). Therefore, if the trial court properly construed sec. 49.195, Stats., as being inapplicable to lottery proceeds, summary judgment for the defendant was correctly rendered.

Construction of a statute is undertaken when ambiguity exists. *Hurst v. State,* 72 Wis.2d 188, 195, 240 N.W.2d 392, 397 (1976). The test of whether a statute is ambiguous is whether reasonably well-informed persons could understand the statute in two or more different senses. *Hurst v. State, supra; Kindy v. Hayes,* 44 Wis.2d 301, 308, 171 N.W.2d 324, 326–27 (1969). Furthermore, the legislative history is not pertinent to an unambiguous statute. *Goodyear Tire & Rubber Co. v. Dept. of Industry, Labor & Human Relations,* 87 Wis.2d 56, 74, 273 N.W.2d 786, 796 (1978) ; *Miller v. Wadkins,* 31 Wis.2d 281, 284–85, 142 N.W.2d 855, 856–57 (1966).

Section 49.195, Stats., provides that the county granting aid may sue the parent to recover the value of the aid if the parent acquires property by gift, inheritance, sale of assets, court judgment or settlement of any damage claim. Plaintiff argues this statute lists methods of acquiring property generally and not exclusively; therefore, plaintiff urges this court to construe sec. 49.195, Stats., so as to include lottery winnings as belonging to the general group of situations enumerated.

This court believes sec. 49.195, Stats., is free of ambiguity. We do not believe reasonably well-informed persons could understand the statute in two or more different ways. Therefore, construction of the statute is unnecessary.

The statute lists five specific ways of acquiring property. Lottery winnings are not within any of these

methods. There is no general clause, such as "and similar methods," which follows the listing of the five specific methods. Such a situation might invoke the doctrine of *ejusdem generis*,[3] and perhaps the plaintiff's contention would have some merit.

Under the circumstances, however, we believe the trial court correctly held that sec. 49.195, Stats., does not pertain to lottery winnings.[4]

*By the Court.*—Judgment affirmed.

---

[3] *See Cheatham v. State,* 85 Wis.2d 112, 116, 270 N.W.2d 194, 196 (1978); *Wisconsin Southern Gas Co. v. Public Service Commission,* 57 Wis.2d 643, 649, 205 N.W.2d 403, 406 (1973).

[4] Even if lottery proceeds were covered by sec. 49.195, Stats., there would be a serious question as to whether the proceeds were acquired at the time of receiving aid or thereafter. However, in view of our finding, we decline to address this issue.

† Petition to review granted. ABRAHAMSON, J., took no part.