STATE of Wisconsin, Plaintiff-Respondent,

v.

Constance Lee KUBA, Defendant-Appellant. †

Court of Appeals

*No. 88–1821–CR. Submitted on briefs February 1, 1989.— Decided April 11, 1989.*

(Also reported in 443 N.W.2d 17.)

† Petition to review denied.

For defendant-appellant there were briefs filed by *Charles Bennett Vetzner,* assistant state public defender.

For plaintiff-respondent there was a brief filed by *Donald J. Hanaway,* attorney general, and *James M. Freimuth,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Constance Kuba appeals a judgment convicting her of welfare fraud and an order denying her motion for postconviction relief. The trial court placed Kuba on seven years' probation and required her to pay $8,310 restitution. Kuba argues that the rule prohibiting a court from extending the term of probation if the probationer lacks the capacity to make restitution should be expanded to forbid initially setting the probationary term based on the time needed to make restitution. We reject this argument and affirm the judgment and order.

Kuba argues that the trial court violated her constitutional rights by basing the length of her probation solely on her financial status. While Kuba raises due process and equal protection issues, she does not relate her arguments directly to those rights. Because any denial of equal protection or due process would necessarily involve an abuse of discretion, *see Ocanas v. State,* 70 Wis. 2d 179, 187, 233 N.W.2d 457, 462 (1975), we will review the sentence according to that standard of review.

The record shows that the court considered a number of factors in setting the probationary term and did not rely solely on the length of time needed to complete restitution. We therefore do not decide whether financial

status can be the sole factor in setting a probationary term. Rather, we hold that it is appropriate for the court to consider the length of time needed to complete restitution when it initially sets the probationary term.

It is established that restitution cannot be extended beyond the probation term where the probationer lacks the capacity to pay and has demonstrated a good faith effort to pay during probation. *Huggett v. State,* 83 Wis. 2d 790, 803-04, 266 N.W.2d 403, 409 (1978); *see also State v. Jackson,* 128 Wis. 2d 356, 363-66, 382 N.W.2d 429, 433-34 (1986); *State v. Davis,* 127 Wis. 2d 486, 495-99, 381 N.W.2d 333, 337-39 (1986). The court may place a defendant on probation and impose reasonable and appropriate conditions. Conditions are reasonable and valid if they advance the objectives of probation. Because restitution serves the goals of probation by rehabilitating the probationer and protecting the state and community interest, it can be an imposed condition of probation. *Huggett,* 83 Wis. 2d at 796-98, 266 N.W.2d at 406-07.

Probation, however, cannot be extended solely for the purpose of compensating the victim when the probationer lacks the capacity to pay and has demonstrated a good faith effort to pay during probation. *Id.* at 803-04, 266 N.W.2d at 409; sec. 973.09(3)(c), Stats. Kuba argues that this same rationale requires the trial court to determine the length of a probationary term before it determines the period of time of restitution. This method would prevent the court from determining the length of probation based on the defendant's financial status. We are not persuaded. Imposition of this methodology is not supported by the statutes, case law, or public policy. Nor would it create the result Kuba desires.

First, our legislature established a policy requiring the trial courts to consider restitution designed to compensate the victim's pecuniary loss. *See* secs. 973.09(1)(b) and 973.20, Stats. If the court is not allowed to consider the amount of time needed to achieve restitution, the victim is not likely to be compensated or made whole.

Second, the defendant's financial resources may be considered when imposing sentence. *Bearden v. Georgia,* 461 U.S. 660, 670 (1983). In fact, it would be error for the court not to consider a defendant's ability to pay when imposing restitution. *Huggett,* 83 Wis. 2d at 800, 266 N.W.2d at 407. It would not make sense to have a different set of factors for imposing sentence than for setting probation with restitution. *See Anderson v. State,* 76 Wis. 2d 361, 366, 251 N.W.2d 768, 771 (1977).

Third, Kuba's proposal would not serve the best interests of defendants or society. By setting the length of probation before determining the restitution schedule, the court would be faced with the prospect of either ordering higher periodic payments to achieve full restitution or rejecting probation altogether because there is no reasonable prospect for full or substantial restitution, thereby allowing the criminal to retain some of the proceeds from the theft. Each of these choices is unsatisfactory. The trial court's sentence must weigh a number of factors, including the fact that conditioning probation on payments beyond the probationer's ability to pay undermines the probationer's sense of responsibility. *Huggett,* 83 Wis. 2d at 798–99, 266 N.W.2d at 407. In order for restitution to have a rehabilitative effect, the probationer has to conclude that crime does not pay. *Davis,* 127 Wis. 2d at 504–05, 381 N.W.2d at 342 (Callow, J., concurring). If we were to conclude that the trial

court could not consider a defendant's financial condition before setting the length of probation, the court would be unable to assess whether the crime will pay for this defendant. Additionally, the rehabilitative effect of probation with restitution could not be predicted. Under these circumstances, trial courts would be discouraged from granting probation. *Id.* at 507, 381 N.W.2d at 343.

We agree that the criminal justice system should not be employed to perform the functions of a collection agency. *Huggett,* 83 Wis. 2d at 803-04, 266 N.W.2d at 409; *Davis,* 127 Wis. 2d at 497, 381 N.W.2d at 338. However, considering a defendant's financial circumstances before determining the length of probation does not turn the court into a debt collector. In *Davis,* the supreme court held that the trial court abused its sentencing discretion because probation was extended several times beyond the statutory maximum solely for the purpose of achieving restitution even though the probationer made a good faith effort toward payment. The supreme court recognized that the trial court was unable to relate further restitution to the probationer's rehabilitation. The supreme court continued to state in its holding however that there would not be an abuse of the trial court's sentencing discretion when, as here,

> the trial court establishes a restitution schedule that reflects the victim's loss, the probationer's financial resources and future ability to pay, the maximum original term of probation, and the goals of probation, then the probationer should be able to comply with the restitution payment schedule within the probationary term set by the trial court.

*Davis,* 127 Wis. 2d at 503, 381 N.W.2d at 341 (Abrahamson, J., concurring). We are satisfied in the present case that the trial court reasonably exercised its sentencing

discretion when it properly considered all of these factors before deciding the length of probation.

*By the Court.*—Judgment and order affirmed.