STATE of Wisconsin, Plaintiff-Respondent,

v.

Gregory N. OLSON, Defendant-Appellant.

Court of Appeals

*No. 98–0201–CR. Submitted on briefs September 9, 1998.—Decided October 6, 1998.*

(Also reported in 588 N.W.2d 256.)

 

On behalf of the defendant-appellant, the cause was submitted on the briefs of *William A. Schembera* of *Schembera, Rivard & Stewart* of Menomonie.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Susan M. Crawford*, assistant attorney general.

Before Cane, C.J., Myse, P.J., and Hoover, J.

CANE, C.J. Gregory Olson appeals an order extending his probation for five years or until he has paid his restitution in full. Olson argues that the sentencing court erred when it extended his probation because under § 973.09(3)(a) and (b), STATS.: (1) the Department of Corrections failed to give ninety days' notice to the sentencing court; and (2) his failure to pay the full amount of restitution did not establish cause to extend his probation. While the State's failure to provide timely notice did not deprive the sentencing court of authority to extend Olson's probation, no cause exists because Olson has shown substantial reason not to extend his probation. Therefore, because the sentencing court erroneously exercised its discretion in extending probation, we reverse its order extending probation.

## I. BACKGROUND

In March and December of 1985, Olson burglarized two cabins. In 1987, he was charged with two counts of burglary contrary to § 943.10(1)(a), STATS., and pled guilty. The Burnett County circuit court sentenced Olson to a stayed ten-year sentence and placed

him on probation for ten years, beginning November 13, 1987. In 1988, the court amended Olson's original judgment of conviction and ordered him to pay approximately $15,000 in restitution. Approximately sixty days before expiration of Olson's probation, the department moved for an extension hearing, contending that Olson had not fully paid his restitution during his probation. Olson filed a motion to dismiss the request for extension on grounds that he had made a good-faith effort to discharge his restitution.

At the hearing, evidence was presented that eight years into his probation, Olson's probation officer transferred his supervision from Menomonie, Wisconsin, to Milwaukee because the officer "didn't feel that she needed to have Mr. Olson on probation with conditions because he had done so well for eight years." Olson also had other restitution obligations in various Wisconsin counties, and these were consolidated. While under supervision, Olson regularly made the required $100 monthly payments. Although Olson had paid $22,400 in restitution, the State directed no payments to Burnett County, but distributed the payments to the other counties. As a result, after eight years of monthly payments, the balance due Burnett County remained approximately $15,000. The sentencing court acknowledged that Olson had no control over the manner in which the State distributed the restitution payments.

In extending Olson's probation for five years, the sentencing court stressed that the State had not distributed any of Olson's restitution payments to Burnett County. Olson's attorney explained that the Menomonie office had terminated its portion of Olson's probation and "turned it over to Milwaukee for collection of restitution." When the sentencing court then

asked if the State was using the criminal justice system "sort of as a collection agency," Olson's probation officer replied that Olson was being supervised with the condition that he make monthly payments; the nature of Olson's "supervision" was that he was required to provide information[1] every month via telephone. The officer later referred to this supervision as the "minimum phone-in supervision."

At the extension hearing, the sentencing court did not expressly address the ninety-day notice requirement, but it reasoned that:

> [I]t doesn't make any sense to me that you can have somebody pay zero restitution and not have the authority to extend.
>
> . . . .
>
> And I'm going to find that you can do that [extend probation beyond the maximum penalty].
>
> Either he can't afford to make payments or he can, or . . . he ought to submit to the court some type of a brief or something showing that . . . you can't go beyond the maximum penalty for a probationary term.
>
> I don't have any of that, and I don't know . . . any of the other pertinent information that would normally be brought forth at a hearing.
>
> So I'm just going to go ahead and extend him. And it's up to the defendant to (a), appeal; (b), get that information to the court; or (c), convince the court that I lack the authority to do it.

With that, the sentencing court declared the matter closed until it heard "something more" from Olson. In response, Olson filed a brief in opposition to the extension, arguing that the court improperly granted

---

[1] The record does not reveal what "information" Olson was required to provide.

the extension because: (1) the department failed to give the sentencing court ninety days' notice under § 973.09(3)(b), STATS.; and (2) no cause existed under § 973.09(3)(a) to extend probation because he had made a good-faith effort to discharge his restitution. The sentencing court, however, signed a second amendment to the judgment of conviction and an order extending Olson's probation for five years or until he fully paid his restitution. Olson then appealed the order.

## II. ANALYSIS

The two issues on appeal are whether the untimely notice extinguished the sentencing court's authority to extend probation and whether cause exists to extend probation. These issues involve the interpretation of a statute, which is a question of law we review de novo. *State v. Setagord*, 211 Wis. 2d 397, 405–06, 565 N.W.2d 506, 509 (1997).

### 1. Untimely notice

Pursuant to § 973.09(3)(b), STATS., 1985–86, the department (of corrections) "*shall*" notify the sentencing court of the status of the ordered payments unpaid at least ninety days before the probation expiration date.[2] Olson insists that the statute's plain language mandates such notice, and he also argues, citing *Bartus v. DHSS*, 176 Wis. 2d 1063, 501 N.W.2d 419 (1993), but without pinpoint citation, that such notice is a

---

[2] The current version of § 973.09(3)(b), STATS., further requires that the following receive notice from the department: "any person to whom unpaid restitution is owed" and the district attorney.

"precondition" to extension. Although the State concedes that the department's notice was untimely, it maintains that the sentencing court retained authority to extend Olson's probation. Invoking rules of statutory construction, the State reasons that under § 973.09(3)(b), the sentencing court may "excuse" late notice and order an extension if the court issues the order before expiration of the probation period. Further, the State reasons that expiration of probation is the "jurisdictional bar," not the ninety-day notice requirement, as the sentencing court retains "jurisdiction" to extend probation until the prior period of probation expires. We conclude that the ninety-day notification requirement is directory and not a mandatory precondition to extend probation.

In determining whether a statutory provision is mandatory or directory, our goal is to ascertain the legislature's intent. *State v. R.R.E.*, 162 Wis. 2d 698, 707, 470 N.W.2d 283, 286 (1991). Although the word "shall" suggests that a provision is mandatory, our courts have often held that statutory time limits are directory despite the word "shall." *Id.* This court will construe "shall" as directory if necessary to further the legislative intent. *Karow v. Milwaukee County Civil Serv. Comm'n*, 82 Wis. 2d 565, 571, 263 N.W.2d 214, 217 (1978).

Section 973.09(3)(b), STATS., prescribes a ninety-day time limit within which the department is required to perform an official act. Such a time limit is merely directory unless it denies the exercise of power after such time or the act's nature or statutory language indicates that time was intended to be a limitation. *Herro v. National Resources Bd.*, 53 Wis. 2d 157, 177,

192 N.W.2d 104, 114 (1971). Additional factors we must consider are whether the statute imposes a penalty for failure to comply, the possible consequences of alternative interpretations, the statute's legislative purpose, *see Cross v. Soderbeck*, 94 Wis. 2d 331, 340–41, 288 N.W.2d 779, 783 (1980), and whether the late filing prejudiced Olson. *See Herro*, 53 Wis. 2d at 177, 192 N.W.2d at 114. While we do not condone the State's failure to send timely notice, such a failure does not automatically deprive the sentencing court of authority to act under the statute. *See Warner v. DOT*, 102 Wis. 2d 232, 238, 306 N.W.2d 266, 269 (Ct. App. 1981). Rather, we must consider the above factors and determine if the limit is directory or mandatory. *See id.*

Applying these factors to § 973.09(3)(b), STATS., we conclude that the time limit is directory and agree with the State that until the probation period expires, the sentencing court has authority to extend probation. First, it would defeat the statute's objectives if we adopted Olson's argument that the sentencing court has no authority to extend probation unless the department gives timely notice. The "manifest purpose for including the notification and hearing requirement was to encourage restitution payment *by notifying the court of the need to extend the term of probation*; to insert a check" in the probation system and prevent the court from discharging probationers who have not paid restitution. *Bartus*, 176 Wis. 2d at 1076, 501 N.W.2d at 425–26 (emphasis added). Moreover, the statute specifically authorizes the sentencing court to extend probation any time before probation expires if it is "for cause" and "by order." *See* § 973.09(3)(a), STATS.; *see also Bartus*, 176 Wis. 2d at 1077, 501 N.W.2d at 426 (noting that the statute's requirements apply only in

situations over which the court retains "jurisdiction," such as extension of probation). Accordingly, the consequences of characterizing the limit as mandatory would defeat the legislative purpose. Second, the statute provides no penalty for untimely notice, and the absence of a penalty is consistent with a directory interpretation. *See Cross*, 94 Wis. 2d at 340–41, 288 N.W.2d at 783. Third, the statute does not deny the sentencing court's authority to extend probation after the time limit has passed, but gives the court authority to order an extension for cause until expiration of probation. *See* § 973.09(3)(a), STATS. Finally, we are unable to see how the late notice prejudiced Olson.

Additionally, we reject Olson's argument that under *Bartus*, the ninety-day notification requirement is a "precondition for extending the term of probation." *Bartus* does not provide that § 973.09(3)(b), STATS., should be given this preemptive effect. The issue in *Bartus* was whether the notice requirement applied in cases of probation *revocation*, and *Bartus* construed the requirement to apply only to cases involving probation extension, not revocations. *Id.* at 1075, 501 N.W.2d at 425. *Bartus*, however, contains no analysis of whether the notice requirement meets the factors discussed above. Given that § 973.09(3)(b) meets all the factors that make a time limit directory and that *Bartus* did not embark on such an analysis (as it was unnecessary to decide the issue before it), we refuse to stretch *Bartus* to allow a probationer to avoid an extension because the department failed to give timely notice.

## 2. Extension of probation

A sentencing court's decision to extend probation is discretionary, but the extension must be warranted

under a case's circumstances. *See State v. Davis*, 127 Wis. 2d 486, 499, 381 N.W.2d 333, 339 (1986). A sentencing court exercises the appropriate discretion when it examines the relevant facts, applies a proper standard of law, uses a "demonstrative rational process," and reaches a conclusion that a reasonable judge could reach. *See State v. Sullivan*, 216 Wis. 2d 768, 780, 576 N.W.2d 30, 36 (1998).

Section 973.09(3), STATS., 1985–86, provided, in part, that:

> (a) Prior to the expiration of any probation period, the court, *for cause* and by order, may extend probation for a stated period or modify the terms and conditions thereof.
>
> (b) The . . . department . . . *shall* notify the sentencing court of the status of the ordered payments unpaid at least 90 days before the probation expiration date. . . . If payment as ordered has not been made, the court shall hold a probation review hearing prior to the expiration date, unless the hearing is voluntarily waived by the probationer. . . . A probationer shall not be discharged from probation until payment of the ordered restitution . . . under s. 973.05 has been made *or* the court determines that there is *substantial reason* not to continue to require payment.

*Id.* (emphasis added).[3]

---

[3] The parties disputed which version of § 973.09, STATS., applied to this case. This statute has been revised many times, but the current version applies only to those who committed crimes on or after the statute's effective date of September 1, 1988. *See* 1987 Wis. Act 398 §§ 44, 45. Because Olson committed the burglaries in March and December 1985, we therefore apply § 979.09(3), STATS., 1985–86.

Pursuant to § 973.09(3)(a), STATS., a sentencing court *may* extend probation; (1) before expiration of probation; (2) by "order"; and (3) "for cause." Section 973.09(3)(b), however, provides that a probationer *must* not be discharged from supervision until all restitution is paid *or* the court determines that there is "substantial reason not to continue to require payment." At first blush, the subsections seem at odds, but our supreme court has explained how subsection (b) qualifies subsection (a):

> Section 973.09(3)(b), Stats., provides in part that "[a] probationer shall not be discharged from probation until payment of the ordered restitution ... has been made or the court determines that there is substantial reason not to continue to require payment." This language qualifies sec. 973.09(3)(a), relied on in Huggett, which provides that the court may extend probation for cause. This statute directs the court to extend probation for failure to make restitution, unless there is substantial reason not to extend. The burden is on the probationer to show cause why probation should not be extended, rather than on the court to show cause to extend.

*See State v. Jackson*, 128 Wis. 2d 356, 364–65 n.5, 382 N.W.2d 429, 433 n.5 (1986). In other words, no cause exists to extend probation under subsection (a) if the probationer shows substantial reason not to extend probation. *See id.* Therefore, the issue here is whether Olson has met his burden to show substantial reason why the sentencing court should not extend his probation. We conclude that Olson has met his burden.

Citing *Huggett v. State*, 83 Wis. 2d 790, 266 N.W.2d 403 (1978), Olson contends that the sentencing court should consider his good-faith effort to comply with his probation, and he further insists that the sen-

tencing court simply used the extension to collect a debt. The State argues that whether Olson exercised good faith under *Huggett* and its progeny is irrelevant because the applicable statute, § 973.09, STATS., 1985–86, one enacted after *Huggett* was decided, requires Olson to show substantial reasons for the sentencing court to discharge his probation. Further, the State maintains that Olson's remaining financial obligation, his debt, does not justify discharging his probation and that Olson has failed to show substantial reason. The State's arguments do not persuade us.

In *Davis*, the supreme court explained how the principles of *Hugget* remained applicable in determining whether substantial reason exists to extend probation. *Id.* at 499–500, 381 N.W.2d at 339–40. Expressing its disdain for continuing probation for debt collection, the supreme court concluded that the sentencing court had erroneously exercised its discretion by extending probation for the sole purpose of debt collection when the record was "teeming" *with substantial reasons not to extend probation* to compel payment of restitution. *Id.* at 499, 381 N.W.2d at 339. In addressing the effect of the amendment, one providing that the court should not discharge the probationer from the ordered restitution unless "substantial reason" exists not to require payment, the *Davis* court explained that the record before it:

> demonstrates an instance where continued probation based on an altered definition of "good faith" [from *Hugget*] during the probation period would severely undermine the probationer's prospect and expectation of rehabilitation which had been established by faithfully following the requirements as originally set. To extend her probation beyond [the

295

> original] period . . . is unreasonable where the only
> deficiency is recognized as a mere debt.

*Id.* at 499–500, 381 N.W.2d at 339–40. The court further noted that Davis's debt could be enforced by civil remedies.[4] *Id.* at 500, 381 N.W.2d at 340.

Applying *Davis*, the record here likewise compels us to conclude that it is appropriate to end Olson's probation. First, as in *Davis*, the record reveals no other legitimate purpose for continuing probation besides collection of a debt. The dual goals of probation are rehabilitation of those convicted of a crime and community interests. *Huggett*, 83 Wis. 2d at 798, 266 N.W.2d at 407. Probation is the deprivation of a liberty and can require the probationer to follow rules and regulations directly affecting the manner in which he lives, *see State v. Tarrell*, 74 Wis. 2d 647, 654, 247 N.W.2d 696, 701 (1976), but our courts have repeatedly warned that the criminal justice system should not be employed to perform the functions of a debt collection agency. *See State v. Kuba*, 150 Wis. 2d 618, 622, 443 N.W.2d 17, 19 (Ct. App. 1989); *Huggett*, 83 Wis. 2d at 803–04, 266 N.W.2d at 409; *Davis*, 127 Wis. 2d at 498–500, 381 N.W.2d at 339–40.

---

[4] The *Davis* court stressed its disapproval of using the criminal process to collect debts:

> While this court in general accepts cases only if they are likely to be of significant precedential importance, we conclude that this case fits that category because it demonstrates the improper use of the criminal process to collect what eventually became no more than a civil debt. Additionally, we wish to make it absolutely clear that conditions of probation, from the outset, should not be altered except in circumstances that evidence the appropriate exercise of judicial discretion.

*State v. Davis*, 127 Wis. 2d 486, 499, 381 N.W.2d 333, 339 (1986).

The sentencing court's initial reaction here was to inquire whether the State was using the criminal justice system as a debt collector. In response, Olson's probation officer stated that Olson was still under "minimum phone-in supervision." The sentencing court's first reaction hits the mark. The evidence is undisputed that the State's sole basis for its extension request was that Olson had not fully paid his restitution. The sentencing court likewise expressed its concern that Burnett County had received no funds. Thus, neither the State nor the court articulated any legitimate reason other than debt collection to extend Olson's probation. In permitting the criminal justice system to act merely as a debt collector, the sentencing court erroneously exercised its discretion. *See Davis*, 127 Wis. 2d at 499–500, 381 N.W.2d at 339–40.

Second, Olson complied with his probation terms and faithfully made his restitution payments. Like *Davis*, the record fails to reveal any failures of probation during the ten-year probation period except failure to make restitution in full. *See id.* at 498, 381 N.W.2d at 339. Further, Olson's probation officer specifically noted that he made a good-faith effort to make his monthly payments. Third, while we acknowledge the statute's increased emphasis on a victim's right to compensation, *id.* at 508–09, 381 N.W.2d at 344 (Callow, J., concurring), if Olson continued to make the $100 monthly payments, his probation would not be discharged for *another* twelve and one-half years, and Olson has already served over ten years' probation. Our probation system does not contemplate such a result.

Because the sole basis for extending probation was collection of a debt, and the record contains substantial

reasons not to extend, the circuit court misused its discretion. *See id.* at 499, 381 N.W.2d at 339.

*By the Court.*—Order reversed.