## SUPREME COURT.

HARRIET C. MANTLES, appellant, agt. JOHN MYLE, respondent.

The statute requiring a *referee* to make his *report in sixty days* after the cause is submitted to him, &c., contemplates that some step shall be taken in the cause *after the expiration of the sixty days*, indicating an intention to *disaffirm* the right of the referee to make and deliver his report.

Where neither party take any such action, until the referee has *made and delivered his report*, they *waive* their right to proceed in the action as if no reference had been ordered. (*This agrees with the cases of Livingston* agt. *Gidney*, 25 *How. P. R.* 1; *and Foster* agt. *Bryan*, ante 164.)

*Erie General Term, February*, 1864.

DAVIS, P. J., GROVER, MARVIN and DANIELS, *Justices*.

APPEAL from an order made at the Erie special term denying a motion made by the plaintiff to set aside the report of a referee made after the expiration of sixty days from the final submission of the cause. The cause was tried and submitted after the amendment of 1863 went into effect.

GEORGE W. HOUGHTON, *for the motion*.

J. L. TALCOTT, *opposed*.

By the court, DANIELS, Justice. When this action was finally submitted to the referee the law required him to make and deliver his report within sixty days thereafter, unless otherwise ordered by the court, or stipulated by the parties. If he failed to do so the parties were at liberty to proceed with the action as if no reference had been ordered. (4 *R. S. 5th ed.* 688, 689.) Neither party took any action evincing a design to avail himself of the right thus secured until after the referee made and delivered his report. The other party, under such circumstances, could well suppose that his opponent did not intend to subject the case to the embarrassment, or himself to the expense,

of another trial, preferring to leave the referee at liberty to dispose of the action upon the trial already had, than to enter upon another with the possibility of only a like result. It would be unjust to allow one party to mislead another to his 'prejudice, as he would when, relying upon an implied assent of this character, he receives the report of the referee and proceeds to enter judgment upon it.

The statute contemplates that some step shall be taken in the cause after the expiration of the sixty days indicating an intention to disaffirm the right of the referee to make and deliver his report. It was enacted for the benefit of the parties, conferring the power to proceed with the action upon either electing to do so. But like other statutory provisions made for the benefit of a party, it may be waived where the waiver is not against public policy. (*Tombs* agt. *Rochester & Syracuse Railroad Co.* 18 *Barb.* 583 ; *Buel* agt. *Trustees of Lockport*, 3 *Com.* 197.) No conflict of that nature exists to prevent a waiver in this case. This construction of the statute is entirely consonant to the settled practice of the court in other cases of irregularity.

It requires the party to act promptly to avail himself of an advantage offered him in that manner. 1 *Burrill's Pr.* 474, *and cases cited.*) The same principle has been already applied to the construction of this statute. (*Livingston* agt. *Gidney*, 25 *How.* 1 ; *Foster* agt. *Bryan*, 26 *How.* 164.)

The order appealed from must be affirmed.