LAMPMAN *v.* SMITH.

(*Supreme Court, Special Term, New York County.* December 3, 1888.)

**1. REFERENCE—HOW TERMINATED—FAILURE TO FILE REPORT.**

Under Code Civil Proc. N. Y. § 1019, providing that a referee's report must be either filed with the clerk, or delivered to the attorney for one of the parties within 60 days after the cause is finally submitted, otherwise either party may, before it is filed or delivered, serve a notice on the attorney for the adverse party that he elects to end the reference; and in such case the action must thenceforth proceed as if the reference had not been directed,—a referee does not lose jurisdiction, though his report is not delivered until three years after final submission, there having been no notice given by either party of an election to end the reference.

**2. ARREST IN CIVIL CASES—DISCHARGE.**

Under Code Civil Proc. N. Y. § 572, as amended by Laws 1886, c. 672, providing that if a plaintiff neglects to enter judgment within 10 days after it is in his power to do so, or neglects to issue execution against the person of defendant within 10 days after the return of the execution against the property, or, in any event, neglects to issue the same within 3 months after the entry of the judgment, or delays the enforcement of his remedies by collusion, defendant must, on his application, be discharged from custody, relief from arrest cannot be granted a defendant where there is no evidence of collusion, and the report of the referee in the action was delivered July 16th, judgment entered July 23d, execution against the property returned unsatisfied September 20th, execution against the person issued September 22d, and arrest made October 25th.

At chambers. In an action for conversion defendant was arrested, and admitted to bail, but the order for arrest remained unchanged. After a continuance at defendant's request, the case was referred, and hearing immediately commenced before the referee, but it was not finally submitted until two years later. Sixty days were granted him from that time in which to make his report, but, though no further extension was granted, the report was not made until three years later, though the referee was requested by plaintiff to hasten it, when he delivered it to plaintiff's attorneys. Its findings were in favor of plaintiff. The date of the report was July 9th, but it was signed and delivered on July 16th. The report was filed and judgment entered for plaintiff on July 23d. On July 26th, execution was issued against defendant's property, and on September 20th returned wholly unsatisfied. On September 22d, execution was issued against defendant's person. The sheriff received it on September 24th, and on October 25th arrested the defendant, who now moves that the execution against his person be set aside, and that he be released from imprisonment, on the grounds that the report of the referee and the entry of judgment were not made within the time prescribed by statute. Code Civil Proc. N. Y. § 1019, provides that "upon trial by a referee * * * the referee's written report must be either filed with the clerk or delivered to the attorney for one of the parties within sixty days from the time when the

cause or matter is finally submitted, otherwise either party may, before it is filed or delivered, serve a notice upon the attorney for the adverse party that he elects to end the reference. In such a case the action must thenceforth proceed as if the reference had not been directed. * * *" Section 572, as amended by Laws 1886, c. 672, provides that, "except in a case where an order of arrest can be granted only by the court, if the plaintiff unreasonably delays the trial of the action, or neglects to enter judgment therein within ten days after it is in his power to do so, or neglects to issue execution against the person of the defendant within ten days after the return of the execution against the property, and in any event neglects to issue the same within three months after the entry of the judgment, or whenever it shall appear to the satisfaction of the court that the plaintiff in an action, or a judgment creditor in a judgment, delays the enforcement of his remedies therein by collusion, or for the purpose of allowing the debtor to remain in prison under the mandate in any other action, before the issuing of the mandate in favor of such creditor, so as to produce a continued and extended imprisonment by virtue of the separate mandates in the different actions, the defendant must, upon his application, made upon notice to the plaintiff, be discharged from custody, if he has already been taken under the mandate against him in such action, or, if he has not yet been imprisoned therein, be relieved from imprisonment, by virtue of such mandate, by the court in which the action was commenced, unless reasonable cause is shown why the application should not be granted. A defendant discharged as prescribed in this section shall not be arrested upon an execution issued upon the judgment in the action."

*Newkirk & Chace,* for plaintiff. *Charles Steckler,* for defendant.

LAWRENCE, J. No notice, under section 1019 of the Code of Civil Procedure, was given by either of the parties to the adverse party of an election to end the reference. The case of *Little* v. *Lynch,* 99 N. Y. 112, 1 N. E. Rep. 312, and the case of *Phipps* v. *Carman,* 84 N. Y. 650, therefore, throw no light upon the question presented by this motion. The referee did not lose jurisdiction of the action, and, notwithstanding the great delay which intervened between the final submission of the cause and the delivery of the referee's report, I am constrained to say that the proceedings in the case have not been irregular.

Nor is the defendant entitled to relief under section 572 of the Code of Civil Procedure, as amended in 1886, because there is no evidence of collusion, nor was there any neglect to enter judgment within the time prescribed by that section, or in the issuing of the execution against the person of the defendant. Motion denied, with costs, and with leave to renew on further affidavits, if so advised.