O'NEILL *v.* HOWE.

(*Common Pleas of New York City and County, General Term.* May 5, 1890.)

1. FACTORS AND BROKERS—COMMISSIONS—EVIDENCE.
   In an action to recover commissions on the sale of defendant's goods, evidence that, after plaintiff left defendant's employ, customers to whom he had originally made sales bought more goods, does not make out a case for commissions upon such later purchases.

2. SAME—BOOKS OF PRINCIPAL.
   The facts that the accounts of such customers were marked in defendant's books with the initials of plaintiff to designate them as his customers does not prove that such later sales were made by him, it further appearing that the marks were originally made on old accounts while plaintiff was in defendant's employ, and were continued in the subsequent accounts by the book-keepers for their own convenience, and not by order of defendant.

3. WITNESS—EXAMINATION—LEADING QUESTIONS.
   Leading questions being within the discretion of the court or referee, no exceptions lie to their allowance.

4. REFERENCE—TERMINATION—NOTICE.
   Under Code Civil Proc. N. Y. § 1019, stating that a notice to end a reference, when a report is not filed or delivered within 60 days, may be served before the report is filed or delivered, a notice to terminate, served after the filing of the report, is nugatory.

Appeal from city court, general term.

Action by Hugh O'Neill against Ephraim Howe to recover $750 on account of work, labor, and services in the sale of defendant's goods on commission. The answer admitted a small indebtedness, and counterclaimed for a balance for goods sold and delivered to plaintiff. The action was referred, and a judgment entered upon the report of the referee in favor of defendant for costs was affirmed by the general term of the city court of New York, and plaintiff again appeals.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Thomas Bracken,* for appellant. *J. Woolsey Sheppard,* for respondent.

DALY, J. The plaintiff claimed for work, labor, and services in the sale of defendant's goods on commission, at request of defendant, from March 1, 1886, to May 23, 1887. Upon the trial before the referee, it appeared that he had been selling to certain customers of defendant for several years before that period; and the claim now made seems to be based upon the theory that he is entitled to commissions upon all subsequent sales by defendant to those customers, whether he can or cannot prove that such subsequent sales were in any instance made by him. This is apparent from the fact that the plaintiff is not able to give testimony as to any sale during the period specified in his complaint, but bases his right upon the fact that sales to such persons during said period appear upon defendant's books. Thus in his direct examination he says, in answer to the question, "Look at the bill of particulars shown you, and state when, giving the date as near as you can, you sold Mrs. Agnew?" he answers, "Mrs. Agnew was my customer, and all that she bought I claim," and afterwards says that he cannot state how much goods he sold her; that he knows he sold to her by defendant's books. In respect to sales to Mr. Bulger, he says: "He was my customer, and I claim all sales." So, with respect to Mr. Bach, he says, in answer to the question: "You say you sold Mr. Bach $7,432.97 during the year 1886? *Answer.* According to your books, yes." But, in answer to the further question whether the books show anything more than a bill of goods from defendant to Bach, he answers: "Not that I know off." With respect to sales to Carberry, he says: "I don't recollect any particular transaction that I sold him goods during the year 1886. That applies to all my testimony given upon the transactions in regard to sales." He afterwards swore that there might be a few parties from whom he brought orders during the period covered by his complaint; that he did not

negotiate a sale to Bach, whose account on the books was, as before stated, $7,432.97; that he ceased to be in the employ of defendant in the latter part of 1885 or the spring of 1886; that he previously kept a book in which he entered his sales, but ceased to enter for 1886 because he was working in W. Macy's, and sent postal cards whenever he got an order. The defendant rendered him an account of his sales, including the period in question, and offered to pay him the amount of commissions computed thereon. He was allowed a recovery for this amount, which was admitted by the answer, but for nothing further.

I do not see how the finding of the referee can be disturbed by us. The mere fact that the plaintiff had originally made sales to certain customers, and that, after he left the defendant's employ, they bought more goods, does not make out a case for commissions upon such later purchasers. If it did, then he would be entitled to commissions upon sales by defendant to such persons as long as defendant continued in business, irrespective of any efforts of his own to induce such sales. No such continuing liability of defendant could be enforced without some proof of a contract to that effect. Ordinarily the leaving of defendant's employ would terminate the contract for a commission on sales and any claim for commissions where, as in this case, the claim is based upon work, labor, and services in the sale of goods at defendant's request. It is true that some of the customers, called by plaintiff as witnesses, swear that all they bought they bought through plaintiff; but this testimony is very loose and general. It is a conclusion of the witness, rather than a statement of fact. But, further, it is not shown that the sales to those persons entitle plaintiff to more than he received.

It is also true that the accounts of the customers in defendant's books, upon which accounts plaintiff demands these commissions, are marked with the name or the initials of plaintiff, in order to designate them as his customers; but these marks were originally made upon old accounts while plaintiff was in defendant's employ, and were continued on the subsequent accounts by the book-keepers. But such designation, so made, does not prove that such later sales were made by plaintiff. Besides, the marks were put there by book-keepers of defendant for their own convenience in making up the plaintiff's accounts, and not by order of the defendant.

There was a conflict of testimony as to whether the agreement between plaintiff and defendant was for a commission upon sales, or upon collections made by him, and the referee found it was the latter. The evidence is ample to sustain the finding. The counter-claim was proved. It was shown that the sales made by defendant to Dugan were really made to plaintiff. Conklin swears that plaintiff told him that he owned the Dugan business, and that he wanted the goods sent in Dugan's name.

The exceptions were not well taken. The motion to strike out the stipulation as to stenographer's fees was denied upon the question of fact. Appellant, in his brief, states that it was inserted without his knowledge, but this ground was not stated in the motion to strike out. There is no exception at folio 59. The question at folio 113, as to statements made by plaintiff to a third party, was not competent evidence for plaintiff, and was properly ruled out. The written or printed contents of a card not produced, as to which a question was asked at folio 116, was properly ruled out. No exception will lie to the allowance of a leading question. Leading questions are in the discretion of the referee. The appellant refers to a number of other exceptions as valid, without arguing them upon his brief. An examination of the record discloses no error in the rulings excepted to. The exception, at folios 186 and 187, to the direction that plaintiff proceed with his examination in the absence of one of defendant's ledgers, which he desired to use, is not ground for reversal. The plaintiff should have given notice to produce the ledger, and then recalled the witness. As to the exception at folio 256, no question was disallowed.

The cross-examination of defendant upon his books was fully permitted. The evidence disallowed at folios 270 and 272 seems to be immaterial. There is no exception at folio 272. The other rulings complained of do not show error on the part of the referee.

There can be no question as to the filing of the referee's report. The Code expressly states that the notice to terminate the reference, when a report is not filed or delivered within 60 days, may be served before the report is filed or delivered. This was not done in this case. The report was filed before the notice was given. The case of *Little* v. *Lynch*, 99 N. Y. 112, 1 N. E. Rep. 312, relied upon by appellant, was a case in which the notice was given before the report was delivered or filed.

The stipulation to pay referee's fees at the rate agreed upon, which stipulation is manifested by an entry in the minutes, is valid. Code, § 3296. The case of *Bank* v. *Tamago*, 77 N. Y. 476, relied upon by appellant, was a decision under section 313 of the former Code. A like stipulation as to stenographer's fees would seem to be equally effectual. There is satisfactory evidence in the case that such stipulations were made. The judgment and orders appealed from should be affirmed, with costs.

BISCHOFF, J., concurs.

LARREMORE, C. J., (*concurring.*) No error appears for which we can grant a reversal. There was some evidence to support the referee's finding reducing plaintiff's claim; and, on an appeal from the city court, this court has no power to reverse a judgment because we might deem that the weight of evidence was against the referee's decision. *Farley* v. *Lyddy*, 8 Daly, 514. The facts to support defendant's counter-claim were not controverted, and we think the referee correctly held that they made out a good cause of action. The statute of frauds does not apply. The original credit was given, not to Dugan, but to plaintiff. The notice of plaintiff's election to end the reference was nugatory, because, although more than 60 days had expired since the cause was submitted, said notice was not served until after the report had been actually delivered. Code, § 1019; *Gregory* v. *Cryder*, 10 Abb. Pr. (N. S.) 289. The judgment appealed from should be affirmed, with costs.