Manninen, Respondent, vs. Liss and wife, Appellants.

*November 5—December 1, 1953.*

For the appellants the cause was submitted on the brief of *Oscar Rademacher* of Medford.

FAIRCHILD, J. The appellants, proceeding by writ of certiorari, challenged the validity of a ruling of a court commissioner to whom the matter of the custody of a minor child had been referred by the circuit court. The first question now before us is as to whether the report and decision of the referee in that matter is without effect because of the alleged unreasonable length of time the court commissioner held the matter before making his final report. We are presented with a situation in which the defeated party must be held to have waived the objection, if ground for one existed. It does not appear that the appellants lost any advantage by the delay; it is certain that they made no objection to the jurisdiction of the court commissioner on the ground of delay until after the decision. If they had desired to question the jurisdiction of the court commissioner on the ground of delay, their remedy would have been in a timely application to the court to end the reference.

In the revisor's notes in Wisconsin Anno. (1930), at page 1794, it is said: "But even as early as 1839 [territorial era] the legislature had enacted several laws regulating practice. Thus began the preparation of the bench and bar for an easy transition seventeen years later to the legislative code adopted verbally from New York." In the earlier rulings, in interpreting provisions pertaining to reference, we followed the code adopted from New York, and recognized the doctrine that where an act required to be done by a referee might as well be done after the time fixed as before, no presumption arises that an injury or a wrong was done because of the belated report. The courts deem the provision

as to the time of filing the report not mandatory but directory merely. See *State ex rel. Cothren v. Lean,* 9 Wis. *279; *Appleton v. Outagamie County,* 197 Wis. 4, 220 N. W. 393. Directory statutes are those the requirements of which are not of the substance of things provided for. See also 2 Sutherland, Statutory Construction (3d ed.), pp. 214–217, secs: 2801–2804. While a different rule may exist in some jurisdictions, it is considered that the better rule is based on decisions of courts interpreting stricter statutes than ours. These courts have in almost all of the cases looked upon the provision as to the time of filing the report as directory merely. At least such a rule may be properly inferred from the following New York cases cited in a note in 34 L. R. A. (N. S.) 583, in which the court refused to set aside a referee's report filed after the statutory limit of time where the objecting party failed to serve notice to end the reference before the filing of the report: *Re Robinson,* 53 Misc. 171, 104 N. Y. Supp. 588; *O'Neill v. Howe,* 16 Daly, 181, 9 N. Y. Supp. 746; *Foster v. Bryan,* 16 Abb. Pr. 396, 26 How. Pr. 164; *Livingston v. Gidney,* 25 How. Pr. 1; *Mantles v. Myle,* 26 How. Pr. 409; *Lampman v. Smith,* 17 N. Y. Civ. Proc. Rep. 19, 7 N. Y. Supp. 922.

It is considered that the objection of the defendants to the validity of the ruling, on the ground of unreasonable delay of the court commissioner, the referee, in deciding the *habeas corpus* matter, was properly overruled, and, therefore, that part of the judgment must be affirmed.

There is, however, an objection to that part of the judgment appealed from taxing the costs which were incurred in the *habeas corpus* proceeding and not a part of the proceeding under the writ of certiorari.

There is no statutory authority for taxing costs and disbursements of $249.20 in the certiorari proceedings, which were incurred in the *habeas corpus* proceeding, and that part

of the judgment appealed from taxing such costs and disbursements must be reversed.

*By the Court.*—That part of the judgment quashing the writ of certiorari is affirmed; and the part taxing the costs and disbursements is reversed; and cause remanded for further proceedings according to law.