IN the MATTER OF E.B., a child under the age of
18 years:
E. B., Appellant,

v.

STATE of Wisconsin, Respondent.†

Court of Appeals

*No. 81–2020. Submitted on briefs August 2, 1982.—Decided
September 3, 1982.*
(Also reported in 325 N.W.2d 64.)

† Petition to review granted.

For the appellant the cause was submitted on the briefs of *Louis B. Butler, Jr.*, assistant state public defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Daniel J. O'Brien*, assistant attorney general.

Before Decker, C.J., Moser, P.J., and Wedemeyer, J.

DECKER, C.J.   We vacate the judgment of the circuit court adjudicating E.B. delinquent after a trial by jury, and the order transferring his custody to the State Department of Health and Social Services because the trial court refused to send written instructions to the jury regarding burden of proof and reasonable doubt, as commanded by secs. 805.13(4) and 972.10(5), Stats. Other issues raised by E.B. are not addressed because the jury instruction issue is dispositive of this appeal.[1]

Section 805.13(4), of the Rules of Civil Procedure, provides in part: "The court shall provide the jury with one complete set of written instructions providing the substantive law to be applied to the case to be decided."[2] The identical provision is contained in sec. 972.10(5)[3] of the criminal procedure code.  Section 972.01 of the criminal procedure code also makes applicable the rules of civil procedure provisions with respect to "charging the jury and giving instructions . . . ."  We believe that sec.

---

[1] Upon motion by E.B., a decision by a three-judge panel was ordered pursuant to sec. 752.31(3), Stats.

[2] This quoted addition to the subsection was added by sec. 5, ch. 128, Laws of 1979.

[3] Sec. 6, ch. 128, Laws of 1979.

48.31(2), Stats., generally requires a juvenile's jury trial to be conducted pursuant to the provisions of ch. 805 of the Rules of Civil Procedure.

In adopting these statutes, the legislature has clearly prescribed that a trial judge provide a jury with a written set of the judge's instructions to it regarding the applicable substantive law. Although the directive was followed in the instance of some of the instructions, the trial court rejected a specific request by E.B. to provide the jury with a written copy of the instructions regarding "burden of proof" and "reasonable doubt."[4] The re-

---

[4] The instructions given were orally delivered as follows:

Now, in determining the guilt or innocence of the juvenile or of anyone else, you should scrutinize the evidence with the utmost care and caution and you should act with all the judgment, reason, prudence and discrimination that you as a person possess. If after all this scrutiny, you have a reasonable doubt in your own mind of the juvenile's guilt, you must find him not guilty.

The law presumes every person charged with the commission of an offense to be innocent. The law presumes that this juvenile is innocent. This presumption attends the juvenile throughout the trial and prevails at its close unless overcome by evidence which satisfies the jury of his guilt beyond a reasonable doubt. The juvenile is not required to prove his innocence. The burden of proving the juvenile guilty of every element of the crime charged is upon the State, and before you can find guilt, the State must prove to your satisfaction that that juvenile is in fact guilty beyond a reasonable doubt. If you can reconcile the evidence upon any reasonable hypothesis consistent with the juvenile's innocence, you should do so and find him not guilty.

Now, the term "reasonable doubt" means a doubt based on reason and common sense. It is a doubt for which a reason can be given arising from a fair and rational consideration of the evidence or the lack of evidence. It means such a doubt as would cause a man of ordinary prudence to hesitate when called upon to act in a very important affair of life.

A reasonable doubt, however, is not a doubt which is merely fanciful or speculative, such as a skeptical mind might invent or suggest. It is not a doubt, which ignores a reasonable interpretation of the evidence or which arises merely from sympathy or

quested instructions on burden of proof and reasonable doubt were generally modeled after Wis J I–Criminal 140.

The clear and unambiguous requirement of delivery to the jury of a written set of the instructions regarding the substantive law requires us to enter the substantive/procedural thicket—a thicket of the law that has resulted in decades of judicial interpretation of the substantive/procedural distinction without any apparent progress or simplification. "Matters of 'substance' and matters of 'procedure' are much talked about in the books as though they defined a great divide cutting across the whole domain of law. But, of course, 'substance' and 'procedure' are the same key-words to very different problems." *Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945).[5]

The common and approved meaning of the words of a statute can be established by reference to a recognized dictionary. *B.M. v. State*, 101 Wis.2d 12, 18, 303 N.W.2d

---

from fear to return a verdict of guilt. A doubt, which arises from sympathy or fear to return a verdict of guilt, is not a reasonable doubt. A reasonable doubt is not merely a doubt, such as may be conjured up in the mind of one desiring to escape the responsibility of a decision.

While it is your duty to give the juvenile the benefit of every reasonable doubt, you are not to search for doubt. You are to search for the truth, and to give the juvenile a benefit of a reasonable doubt if it arises in your minds after you have carefully considered all the evidence that was adduced in this case.

[5] Some have gone so far as to assert that no distinction can be drawn between the two terms:

The distinction between substantive and procedural law is artificial and illusory. In essence, there is none. The remedy and the predetermined machinery, so far as the litigant has a recognized claim to use it, are, legally speaking, part of the right itself. A right without a remedy for its violation is a command without a sanction, a *brutum fulmen;* i.e., no law at all. I Chamberlayne, *Evidence* (1911) § 171.

*Quoted in W. Cook, The Logical and Legal Bases of the Conflict of Laws* 158, n 10 (1949).

601, 605 (1981); *see* sec. 990.01(1), Stats. Webster's Third New International Dictionary (1976) defines substantive law as "a branch of law that prescribes the rights, duties, and obligations of persons to one another as to their conduct or property and that determines when a cause of action for damages or other relief has arisen . . . ." Black's Law Dictionary 1281 (rev. 5th ed. 1979) is slightly more specific, but not necessarily more instructive:

That part of law which creates, defines, and regulates rights, as opposed to "adjective or remedial law," which prescribes method of enforcing the rights or obtaining redress for their invasion. That which creates duties, rights and obligations, while "procedural or remedial law" prescribes methods of enforcement of rights or obtaining redress. Kilbreath v. Rudy, 16 Ohio St. 2d 70, 242 N.E.2d 658, 660, 45 O.O.2d 370. The basic law of rights and duties (contract law, criminal law, tort law, law of wills, etc.) as opposed to procedural law (law of pleading, law of evidence, law of jurisdiction, etc.).

The definitions of adjective law are equally inconclusive. Webster's Third New International Dictionary (1976) defines adjective law as "the portion of the law that deals with the rules of procedure governing evidence, pleading, and practice," while Black's Law Dictionary 38–39 (rev. 5th ed. 1979) defines it as:

The aggregate of rules of procedure or practice. As opposed to that body of law which the courts are established to administer (called "substantive law"), it means the rules according to which the substantive law is administered; *e.g.* Rules of Civil Procedure. That part of the law which provides a method for enforcing or maintaining rights, or obtaining redress for their invasion. Maurizi v. Western Coal & Mining Co., 321 Mo. 378, 11 S.W.2d 268, 272. Pertains to and prescribes practice, method, procedure or legal machinery by which substantive law is enforced or made effective. Ambrose v. State Dept. of Public Health and Welfare, Mo. App., 319 S.W.2d 271, 274.

Succinctly, then, adjective or procedural law "exists for the sake of something else—for the sake of 'substantive' law."[6] Procedure exists primarily to implement substantive rights.

Bearing this in mind, we are persuaded that proof beyond a reasonable doubt in an adjudication of juvenile delinquency is an element of substantive law for purposes of sec. 805.13(4), Stats., in light of *In re Winship,* 397 U.S. 358 (1970). There, the United States Supreme Court stated that the reasonable doubt standard "is a prime instrument for reducing the risk of convictions resting on factual error. The standard provides concrete substance for the presumption of innocence—that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law.' " [Citation omitted.] *In re Winship,* 397 U.S. at 363. *Cf. State v. Nye,* 100 Wis. 2d 398, 400–01, 302 N.W.2d 83, 85 (Ct. App. 1981), *aff'd,* 105 Wis. 2d 63, 312 N.W.2d 826 (1981). For this court to relegate so fundamental a principle to other than substantive status would defy both sense and the apparent spirit of the statute.

We further conclude that the statutory sections that we address here were mandatory and not directory. Whether a statute is mandatory or directory is a question of construction. *Cross v. Soderbeck,* 94 Wis. 2d 331, 340, 288 N.W.2d 779, 783 (1980). Generally, when the word "shall" is used in a statute, it is presumed mandatory, *Karow v. Milwaukee County Civil Service Commission,* 82 Wis. 2d 565, 570–71, 263 N.W.2d 214, 217 (1978), unless it is necessary to construe the statute as

---

[6] F. James, Jr., Civil Procedure § 1.1, n 1 (1965), *quoting* C. Hepburn, *The Historical Development of Code Pleading* 19, 20 (1897).

directory to carry out the legislature's intent. *City of Wauwatosa v. Milwaukee County,* 22 Wis. 2d 184, 191, 125 N.W.2d 386, 389 (1963).

In determining whether a statutory provision is mandatory or directory in character, we have previously said that a number of factors must be examined. These include the objectives sought to be accomplished by the statute, its history, the consequences which would follow from the alternative interpretations, and whether a penalty is imposed for its violation. *Marathon County v. Eau Claire County* (1958), 3 Wis. (2d) 662, 666, 89 N.W. (2d) 271; *Worachek v. Stephenson Town School Dist.* (1955), 270 Wis. 116, 70 N.W. (2d) 657. We have also stated that directory statutes are those having requirements "which are not of the substance of things provided for." *Manninen v. Liss* (1953), 265 Wis. 355, 357, 61 N.W. (2d) 336. *State v. Rosen,* 72 Wis. 2d 200, 207, 240 N.W.2d 168, 171 (1976).

Our search of the Legislative Reference Bureau has not uncovered a legislative history which sheds light upon the statutory purpose. Nonetheless, need of a jury for a written copy of the trial judge's instructions to it has long been a subject of concern and contention. Almost a century ago the subject was addressed by Justice Orton:

It is especially unfortunate and dangerous in criminal cases that the statute allows instructions to be given to a jury *orally* by the judge, and to be regretted that judges avail themselves of the personal benefit of the statute. It is hardly possible for any judge to extemporize and *orally* declaim those principles of law applicable to the case, which in the books are found clearly and tersely expressed in "words fitly spoken." Perspicuity and certainty are essential in legal expressions, and there should be no doubt, ambiguity, or chance of questionable construction in any language, word, or sentence in a judge's charge of the law to the jury. The law is worthy of studied and correct expression anywhere and in all cases, and especially so when it is sought to be stated to the jury not versed in it or over ready to apprehend its meaning. I speak for myself when I say that the practice

of oral instructions to the jury not committed to memory beforehand is not only pernicious as it affects the rights of parties to the suit but in the uncertainty afterwards as to what the instructions really were in word and meaning. The omission of one single word, as in this instance, may change the meaning of a whole sentence and principle of law. The judge, in the mental effort to grasp the principles and compose his sentences to express them under such disadvantage, may easily omit a word or use a wrong one, unconsciously to himself, and he cannot in any case retain in memory every word he used or omitted in a charge of the usual length, under such a practice. [Emphasis in original.] *Hill v. State,* 57 Wis. 377, 380–81, 15 N.W. 445, 446–47 (1883).

We believe it unmistakable that the legislative intent and objective was to ensure that the jury have in its possession a written copy of the trial judge's instructions regarding the substantive law to be applied by the jury to achieve understanding and correct application of the law.

Construction of the statutory command as directory would frustrate the legislative intent, objective, and remedy. Although no penalty is provided by statute, it is obvious that the judiciary was expected to apply statutes properly adopted by the legislature for the administration of the judicial process. A jury, an impermanent body that is disbanded upon arriving at a verdict, cannot be supplied with a written copy of instructions regarding the substantive law subsequent to verdict. Thus, the statute's mandate must be timely fulfilled or forever violated.

Ordinarily an instruction error must result in prejudice to the complaining party to effectuate overturning the verdict. In the instance of the statutes involved, the legislature has provided a procedural mandate to assure the integrity and accuracy of the jury system. Random applications of this procedural safeguard would result from construing the statutes as directory.

We note that the effect of these statutes which are limited in their applicability to the substantive law do not address the problem of many adjective law instructions that seem equally important to the integrity and accuracy of the jury system. We are troubled by this uneven and unsatisfactory distinction.

The state argues that, since the jury instruction on the substantive crime of burglary was given to the jury both orally and in writing, and since that instruction mentions the reasonable doubt standard three times, there was, therefore, no necessity to give the reasonable doubt standard jury instruction to the jury in writing. We disagree.

If anything, the state's argument points up the problem of sec. 805.13 (4), Stats., which does not require that *all* jury instructions go to the jury in writing. The state apparently concedes that, under the terms of the statute, the instruction on the substantive crime of burglary was required to have been provided to the jury in writing. We are convinced, however, that because that instruction repeatedly referred to the reasonable doubt standard, a term of art with which a jury cannot be expected to be familiar, it only stands to reason that any instruction which explains or elaborates upon such a term of art ought also to go to the jury in writing. Insofar as jury instructions assist juries in performing their tasks accurately, carefully, and thoughtfully, they ought to be provided to juries in their most helpful form.

*By the Court.*—Judgment and order vacated and cause remanded.