**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 30, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2019AP1368**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019SC227

**IN COURT OF APPEALS
DISTRICT IV**

FRANK T. WHITEHEAD,

    PLAINTIFF-APPELLANT,

  V.

INDIANHEAD FOOD DISTRIBUTION AND CORBET PETERSEN,

    DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Juneau County: PAUL S. CURRAN, Judge. *Affirmed.*

¶1      KLOPPENBURG, J.[1]   Frank T. Whitehead moved the circuit court for default judgment against Indianhead Food Distribution and Corbet Petersen.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Whitehead argued that he was entitled to default judgment in his favor because Indianhead and Petersen failed to file their answer to his small claims summons and complaint by the time of the original return date, and the court commissioner erroneously adjourned the return date to two weeks later. The circuit court denied Whitehead's motions and subsequently dismissed the case after a trial to the court. On appeal, Whitehead challenges the court commissioner's adjournment of the return date and the circuit court's denial of his motions for default judgment. As I explain, I conclude that Whitehead fails to meet his burden to show that the circuit court erroneously exercised its discretion and, therefore, I affirm.

## BACKGROUND[2]

¶2 Whitehead commenced this action on March 18, 2019, by filing a small claims summons and complaint against Indianhead and Petersen, the Customer Satisfaction Coordinator for Indianhead. In his complaint, Whitehead alleged strict liability and negligence claims arising from his becoming ill after

---

[2] Whitehead provides no citations to the record in his statement of the case and facts, and the argument sections in his briefs in many instances lack appropriate record citations as required by WIS. STAT. RULE 809.19(1)(d)-(e). This is inappropriate even for a pro se litigant. *See Waushara Cty. v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) ("*Pro se* appellants must satisfy all procedural requirements, unless those requirements are waived by the court."). Whitehead also does not include an appendix containing the circuit court's decision that he appeals, as required by RULE 809.19(2)(a).

This is a high-volume court. *State v. Bons*, 2007 WI App 124, ¶21, 301 Wis. 2d 227, 731 N.W.2d 367. Compliance with the Rules of Appellate Procedure, particularly those rules regarding accurate record citation, is not optional and is essential to the timely performance of our duties. *See Keplin v. Hardware Mut. Cas. Co.*, 24 Wis. 2d 319, 324, 129 N.W.2d 321 (1964). This court has no duty to scour the record to review arguments unaccompanied by adequate record citation. *Roy v. St. Lukes Med. Ctr.*, 2007 WI App 218, ¶10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256.

Nevertheless, I have chosen to review the record and I analyze Whitehead's arguments based on that record despite these deficiencies in his briefing.

consuming peanut butter sold by Indianhead. Indianhead and Petersen were served with the summons and complaint on March 26 and 27, 2019, respectively. The summons set a return date of April 15, 2019 at 12:30 p.m.

¶3 At 8:37 a.m. on April 15, 2019, when Whitehead appeared by letter and Indianhead and Petersen had not yet appeared, the Juneau County Court Commissioner adjourned the return date to April 29, 2019, to allow for Indianhead and Petersen to file a written answer. Indianhead and Petersen filed an answer on April 25, 2019. On April 29, 2019, the court commissioner set the case over for trial in the circuit court.

¶4 In May 2019, Whitehead filed with the Juneau County Circuit Court motions for default judgment and to strike the answer, based on the failure of Indianhead and Petersen to have filed a written answer by the time of the original April 15 return date. Indianhead and Petersen responded to the content of Whitehead's motions by letter to the court. On June 3, 2019, the court held a telephone hearing on Whitehead's motions. At the conclusion of the hearing, the court denied Whitehead's motions and set the case for a small claims court trial on July 19, 2019.

¶5 At the trial on July 19, Whitehead presented his evidence, and the circuit court dismissed the case.

¶6 Whitehead appeals.

## DISCUSSION

¶7 Whitehead challenges the court commissioner's adjournment of the return date and the circuit court's denial of his motions for default judgment.

¶8      First, I clarify that the only decision properly before this court on appeal is the circuit court's denial of Whitehead's motions for default judgment. *See State v. Trongeau*, 135 Wis. 2d 188, 191-92, 400 N.W.2d 12 (Ct. App. 1986). Circuit courts, not court commissioners, issue appealable orders. *See id.*; *see also Dane Cty. v. C.M.B.*, 165 Wis. 2d 703, 708-9, 478 N.W.2d 385 (1992) (a court commissioner's order is not equivalent to a final order or judgment of a circuit court, and only a final order or judgment may be appealed as of right to this court under WIS. STAT. § 808.03(1)). Accordingly, this court's inquiry is necessarily limited to whether the circuit court properly denied Whitehead's motions for default judgment.

¶9      The decision to deny a motion for default judgment is reviewed under the erroneous exercise of discretion standard. *Shirk v. Bowling, Inc.*, 2001 WI 36, ¶15, 242 Wis. 2d 153, 624 N.W.2d 375. This court sustains such a decision if the circuit court examined the relevant facts, applied a proper standard of law, and used a demonstrated rational process to reach a conclusion that a reasonable judge could reach. *Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982).

¶10      The circuit court provided two reasons for its denial of Whitehead's motions. First, the court explained that the provisions of WIS. STAT. ch. 801 on which Whitehead based his motions do not apply to small claims actions. Second, the court explained that the statutory provision that does apply, WIS. STAT. § 799.22(2), provides that the court commissioner may enter judgment against a defendant who does not appear by the return date; that the word "may" is permissive, not directory; and that Whitehead failed to provide any support for his argument that it was error for the court commissioner to have adjourned the return date to two weeks later when Indianhead and Petersen had not yet answered by the

time of the original return date. Accordingly, the court denied Whitehead's motions.

¶11 I now address in turn each of Whitehead's arguments that the circuit court erred, as best I can discern them.

¶12 First, Whitehead appears to argue that the circuit court erred because it did not exercise any discretion at all in reviewing Whitehead's motions for default judgment. However, that argument fails because the transcript shows that the court did exercise its discretion. The court explained why the law regarding the provisions of WIS. STAT. ch. 801 on which Whitehead relied does not apply to a court commissioner's adjournment of the return date in a small claims action, and Whitehead does not argue that the court's explanation was wrong. The court also considered that Whitehead presented no showing why the court commissioner erred in entering its adjournment order and therefore the court concluded that under applicable law it could not discern any basis for disturbing that order.

¶13 Second, while Whitehead does not argue that the circuit court disregarded facts showing why the court commissioner erred in adjourning the return date, he appears to argue that the court misapplied the law. Specifically, he appears to argue that under the law, the court commissioner had no authority to adjourn the return date and was required to enter judgment against Indianhead and Petersen. However, the circuit court's decision is consistent with the applicable law. Small claims procedure is governed by WIS. STAT. ch. 799. Pertinent here, under WIS. STAT. § 799.20(1), "On the return date of the summons *or any adjourned date thereof* the defendant may answer, move to dismiss under s. 802.06(2) or otherwise respond to the complaint." (emphasis added). This statute acknowledges the authority of the court commissioner to set an adjourned

5

date. *See also* WIS. STAT. § 799.207(1)(b) (providing in pertinent part that, if there is not time available for a hearing on the return date or if, for any of the other "reasons stated in this paragraph, the matter cannot be heard on the return date, an adjourned date shall be set."). Under WIS. STAT. § 799.22(2), "If the defendant fails to appear on the return date or on the date set for trial, the court *may* enter a judgment upon due proof of facts which show the plaintiff entitled thereto." (emphasis added). Taken together, the statutes permit the court commissioner to adjourn the return date when Indianhead and Petersen had not yet appeared by the original return date. *See Shirk*, 242 Wis. 2d 153, ¶15 (stating that the use of the word "may" indicates that there is no requirement to take the action at issue); *see also State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (we interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." In sum, Whitehead fails to show that the circuit court misapplied the law.

¶14     Third, Whitehead points to a Juneau County Small Claims Procedures and Information document which states, "If the defendant fails to file an answer on time, the Court Commissioner will enter a 'default judgment' against the defendant." Whitehead does not appear to contest that the defendants filed an answer before the adjourned return date; instead, he asserts that Indianhead and Petersen were "late" because they did not file an answer by the original return date. Therefore, according to Whitehead, the Juneau County procedures mandated that the court commissioner enter a default judgment against Indianhead and Petersen. However, Whitehead has forfeited this argument because he did not raise it before the circuit court and, therefore, I reject this argument on this basis.

*State Farm Mut. Auto. Ins. Co. v. Hunt*, 2014 WI App 115, ¶32, 358 Wis. 2d 379, 856 N.W.2d 633 ("Arguments raised for the first time on appeal are generally deemed forfeited.").

¶15 Fourth, Whitehead argues that the circuit court should have granted his motions for default judgment against Indianhead and Petersen for their failure to answer before the original return date, because they failed to show good cause or excusable neglect for their failure to answer by the time of the initial return date. He also faults the circuit court for failing to determine whether Indianhead and Petersen acted egregiously or in bad faith, citing *Kleinsmith v. Menard, Inc.*, 2000 WI App 161, ¶5, 238 Wis. 2d 92, 617 N.W.2d 676, in support of his argument. However, *Kleinsmith* restates the language in WIS. STAT. § 799.22, that a court *may* enter a default judgment in favor of the plaintiff if the defendant fails to answer. *See also* WIS. STAT. § 799.206 (providing the same for a circuit court commissioner). Again, use of the word "may" indicates only that default judgment may be entered, not that it must be. Whitehead cites no law supporting the proposition that a court commissioner *must* enter a default judgment, and may not adjourn a return date, absent a showing of good cause or excusable neglect or a showing that the party did not act egregiously or in bad faith, and I reject his arguments on that basis. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("Arguments unsupported by legal authority will not be considered, and we will not abandon our neutrality to develop arguments." (internal citation omitted)).

¶16 For the same reason, I reject Whitehead's fifth, related argument that Indianhead and Petersen were obligated, and therefore failed, to obtain permission from the court commissioner for an adjourned hearing date. Specifically, the case on which Whitehead primarily relies, *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d

461, 326 N.W.2d 727 (1982), does not support his argument because it addresses the circuit court's authority to enlarge the time to file an answer under WIS. STAT. ch. 801, not to adjourn a return date under WIS. STAT. ch. 799. *See Hedtcke*, 109 Wis. 2d at 470 (addressing whether the circuit court properly exercised its discretion to enlarge the time for filing an answer under WIS. STAT. § 801.15(2)(a)). Moreover, WIS. STAT. § 799.207(1)(b) refutes Whitehead's argument that the court commissioner may not adjourn a return date absent any request by the parties to do so. As referenced above, that statute provides that

> a decision shall be rendered by the circuit court commissioner on the return date if there is time available for a hearing, the parties do not intend to call witnesses, and the parties agree to such a hearing. If for any of the reasons stated in this paragraph, the matter cannot be heard on the return date, an adjourned date shall be set.

§ 799.207(1)(b).

¶17 More generally, the legal basis for Whitehead's arguments throughout his briefing is related to a defendant's failure to timely file an answer under certain provisions of WIS. STAT. § ch. 801, but, as explained above, he does not develop any argument that the circuit court's explanation regarding why those provisions of ch. 801 do not apply here is wrong.

¶18 Finally, Whitehead makes three blanket assertions unsupported by any developed argument. One, he asks that this court review the record for plain error, "even though … not specifically raised by" him. However, it is not this court's role to act as his advocate. *See Jensen v. McPherson*, 2004 WI App 145, ¶6 n.4, 275 Wis. 2d 604, 685 N.W.2d 603 ("It is not this court's responsibility to sift and glean the record in extenso to find facts supporting [the party's] argument."); *State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App.

1992) (this court "cannot serve as both advocate and judge"). Two, Whitehead states that he appeals "(THE WHOLE) final judgment" entered by the circuit court on July 19, 2019. However, he makes no argument about the judgment of dismissal and, therefore, I do not consider this statement further. *See Associates Fin. Servs. Co. of Wis., Inc. v. Brown*, 2002 WI App 300, ¶4 n.3, 258 Wis. 2d 915, 656 N.W.2d 56 (the court may decline to consider conclusory and undeveloped arguments that are not adequately briefed). Three, Whitehead requests discretionary reversal pursuant to WIS. STAT. § 752.35, "in the interest of justice." However, Whitehead fails to show that this is an "exceptional case" warranting discretionary reversal. *See State v. Schutte*, 2006 WI App 135, ¶62, 295 Wis. 2d 256, 720 N.W.2d 469 ("We exercise our authority to reverse in the interest of justice under WIS. STAT. § 752.35 sparingly and only in the most exceptional cases.").

¶19 I have addressed Whitehead's assertions as best I understand them. To the extent that Whitehead may intend to make other arguments that I do not directly address, I reject them on the grounds that they are inadequately briefed and lack discernable potential merit. *See Pettit*, 171 Wis. 2d at 646-47 (the court of appeals need not address the merits of inadequately developed arguments).

## CONCLUSION

¶20 For the reasons stated, I affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.