STATE of Wisconsin, Plaintiff-Respondent,

v.

Wanda Faye JACKSON, Defendant-Appellant-Petitioner.

Supreme Court

*No. 84–1347–CR. Argued January 8, 1986.—Decided March 5, 1986.*

(Also reported in 382 N.W.2d 429.)

For the defendant-appellant petitioner there were briefs and oral argument by *Donald T. Lang*, assistant state public defender.

For the plaintiff-respondent there was a brief by *James P. Altman,* assistant attorney general, and *Bronson C. La Follette,* attorney general, and oral argument by *Marguerite M. Moeller,* assistant attorney general.

DAY, J. This is a review of an unpublished decision of the court of appeals, dated February 20, 1985, affirming the order of the circuit court for Milwaukee county, Honorable Ralph G. Gorenstein, circuit judge, extending Wanda F. Jackson's (Defendant) probation for a period of two years. This case presents the same issue addressed by this court in State v. Davis, 127 Wis. 2d 486, 381 N.W.2d 333 (1986): Does Defendant's failure to make full restitution constitute cause for extension of probation under sec. 973.09(3)(a), Stats. 1983–1984?[1]

We conclude that, based on the facts of this case and the probation statute in effect at the time probation was imposed, the Defendant's failure to make full restitution was not cause to extend probation. We hold the circuit court abused its discretion in extending probation. We reverse the decision of the court of appeals and remand the case to the circuit court with directions to discharge the Defendant from further supervision arising out of her conviction for violation of sec. 49.12(1) and (6), Stats.

The Defendant was found guilty of failure to report receipt of income while receiving Aid to Families with Dependent Children (AFDC) from the Milwaukee Department of Public Welfare in violation of sec. 49.12(1) and (6), Stats., following a guilty plea entered on April 21, 1978, before the Honorable Ted. E.

---

[1] "**973.09 Probation.** (1) . . . (3)(a) Prior to the expiration of any probation period, the court, [for cause] and by order, may extend probation for a stated period or modify the terms and conditions thereof."

Wedemeyer, Jr.[2] Defendant's failure to report income resulted in an overgrant of assistance in the amount of $3,180. The circuit court imposed and stayed a five year prison sentence and placed the Defendant on five years probation. The following conditions were placed on the Defendant's probation by the court:

"One, that the sum of $3,180 be liquidated within the five-year period at the rate of interest of five percent conditioned further that you abide by all the other terms and conditions of the Department of Health and Social Services. In addition to that, the court wants this matter brought back in a year and a half's time for review. I want to see what efforts are being made to liquidate this debt. I think it would suffice on the review date if the court receives a letter indicating the progress that's been made. However, I do want the Defendant back in court."

---

[2] There is confusion in the record as to the charges which were the basis of the Defendant's conviction. The Judgment of conviction states that the Defendant was convicted of violations of sections 49.12(1) and (6) and 943.20(3)(c), Stats. Section 49.12(1) and (6), Stats., provide that if the overgrant, resulting from failure to report receipt of income exceeds $2,500, then the violation is to be punished under sec. 943.20(3)(c). Section 943.20(3)(c), classifies the offense as a Class C felony, punishable by a fine not to exceed $10,000 or imprisonment not to exceed ten years or both. However, the information states that the overgrant was $2,499, and thus charged the Defendant with violation of sec. 49.12(1) and (6). Section 49.12(1), states that if the overgrant exceeds $500, but is less than $2,500, then the violator may be imprisoned not more than five years. The transcript from the hearing before Judge Wedemeyer reveals that the Defendant pleaded guilty to the charge in the information with a maximum penalty of five years imprisonment.

A journal entry in the judgment role, dated September 21, 1979, reveals that a review was conducted and reads: "Defendant making satisfactory progress on probation. Court ordered probation to continue. No further reviews necessary."

Defendant was supervised by the Wisconsin State Department of Health and Social Services (Department) from the date of her conviction forward. On February 11, 1983, Defendant's probation was ordered extended for one additional year, until April 21, 1984. The Department requested the extension to insure that the Defendant made a strong effort to make restitution payments.[3]

A second probation review hearing was conducted on April 3 and April 17, 1984, Honorable Ralph G. Gorenstein, presiding. As of the April 17th hearing, the Defendant had paid a total of $1,840 in restitution, $474 of which was paid during the one year extension. Defendant still owed a total of $1,559 in costs, attorney fees and restitution. The source of all the payments made by the Defendant was her AFDC income. The record states that the Defendant had unsuccessfully looked for work "a couple times a month" since 1980. At the time of the hearing the Defendant's two children were twelve and nine years of age. In a memorandum filed with the court, Defendant's probation agent made the following recommendation:

"Based on Wanda's successful probation adjustment in the past year, it is the agent's belief that Wanda Jackson is no longer a danger to the community's financial

---

[3] The only reference in the record as to the results of this extension hearing is in the judgment role.

resources and has achieved the rehabilitative goals expected of probation supervision.

"Based on the agent's belief that Wanda Jackson has made a good faith effort in the past year to pay restitution according to her ability, it is respectfully recommended that restitution, court costs, and attorney fees be removed as conditions of probation and that this case be permitted to expire as of 4–21–84."[4]

After the presentation of the evidence, the circuit court found cause to extend the Defendant's probation for two years on the grounds that the Defendant made almost no effort to make restitution; there was "no good faith effort" to make restitution. The court, by order dated April 17, 1984, ordered the Defendant to obtain employment in sixty days or go to jail, and pay interest at bank rates from day one of her probationary period. A review hearing was also ordered.

By the June 21, 1984 review hearing, the Defendant had obtained employment, but had made no restitution payments. The court ordered her to make monthly payments of one hundred dollars, with the first payment to be made within thirty days, or she would spend thirty days in the House of Correction. The court also increased the interest payments to fifteen percent. Furthermore, Judge Gorenstein ordered:

"If she has been late one day, she will do five days in the House of Correction. If she has got an unexcused

---

[4] Defendant's probation agent informed the court that the county department of public welfare may collect an overpayment by deducting seven percent from a recipient's AFDC if the overpayment was due to failure to report income, § HSS 201.30(3)(c) Wis. Adm. Code, and that the Department would follow this course of action regardless of the outcome of the court proceedings.

absence, it will be 10 days House of Correction for each one. If she loses her job because she's slovenly, doesn't work a reasonable period of time, gets in an argument with the supervisor, any other thing that's within her control, you will go to jail for 30 days."

At the July 27, 1984 review hearing, it was shown that the Defendant had made her payments, but had been late to work on six or seven occasions. The court sentenced her to thirty days in the House of Correction for her tardiness, but stayed the sentence for sixty days. If she had a perfect record for those sixty days, then the court would grant a permanent stay.

Defendant appealed the April 17, 1984 order of the circuit court to the court of appeals. The court of appeals affirmed the order of the circuit court holding that the court did not abuse its discretion in extending probation for failure to make a good faith effort to pay restitution. Defendant petitioned this court for review and review was granted.

Probation is not a matter of right. Sec. 973.09(1)(a), Stats. 1977 gives the court the discretion to stay a sentence and place a person on probation, and to impose conditions on the probation that are reasonable and appropriate. The reasonableness of a condition of probation is measured by how well it serves the goals of probation. "The dual goals of probation are 'the rehabilitation of those convicted of the crime and the protection of the state and community interest.'" *Huggett v. State,* 83 Wis. 2d 790, 796, 266 N.W.2d 403 (1978) (quoting *State v. Tarrell,* 74 Wis. 2d 647, 653, 247 N.W.2d 696 (1976)).

This court has determined that restitution is a permissible condition of probation. *State v. Gerard,* 57 Wis. 2d 611, 619, 205 N.W.2d 374 (1973), app. dismissed, 414 U.S. 804 (1973); *see also, Huggett,* 83 Wis. 2d at 796. In *Huggett,* this court noted that restitution aids in the rehabilitation of offenders by strengthening their sense of responsibility. "The probationer may learn to consider more carefully the consequences of his or her actions. One who successfully makes restitution should have a positive sense of having earned a fresh start and will have tangible evidence of his or her capacity to alter old behavior patterns and lead law-abiding lives." *Huggett,* 83 Wis. 2d at 798. By requiring the probationer to pay restitution as a condition of probation, the community's interest of having victims of crimes made financially whole is protected. "However, conditioning probation on the satisfaction of requirements which are beyond the probationer's control undermines the probationer's sense of responsibility." *Huggett,* 83 Wis. 2d at 789–790. Accordingly, it is important that the trial court determine the probationer's ability to pay at the time restitution is imposed. *Huggett,* 83 Wis. 2d at 798–800; *Gerard,* 57 Wis. 2d at 621; *State v. Pope,* 107 Wis. 2d 726, 731, 321 N.W.2d 359 (Ct. App. 1982).

In *Huggett,* this court held that the real controversy, whether the trial court had cause under sec. 973.09(3), Stats., to extend probation for failure to make full restitution, had not been fully tried. Accordingly, this court remanded the case for a hearing to determine whether there was cause to extend probation. This court offered two possible approaches for determining whether cause exists to extend probation for

failure to make restitution. First, a court may find cause to extend if additional restitution would promote the goals of probation and if more than negligible payments could be made during the extended period. In assessing ability to pay, the court is to consider how much restitution has been paid and the source of the payments. Furthermore, the court should consider: "employment history during the probationary period; employment status at the time of the extension; prospects for future employment; sources of income; the cost of supporting the probationer's dependents; and other competing demands on the probationer's income." *Huggett,* 83 Wis. 2d at 803. In addition, the court should consider whether the probationer has made a good faith effort at restitution. Second, a court may not find cause to extend if probationer lacks the capacity to pay *and* has made a good faith effort to pay during the probationary period. *Huggett,* 83 Wis. 2d at 803.

Both the majority opinion and Justice Callow's concurring opinion in *Davis,* refer to changes made in the probation statute subsequent to the commencement of Davis', and the present Defendant's, term of probation. In 1979, the legislature sought to add language to the probation statute to show that the intent of probation is to encourage restitution to make the victims of the crime financially whole. The statutory creations, section 973.09(1m)(a) and (3)(b), Stats.,[5] dis-

[5] As discussed in Justice Callow's concurrence, sec. 973.09(1m)(a), Stats., places an obligation on the court to consider "the financial resources and future ability of the probationer to pay" when "determining the *amount and method of payment of restitution.*" (Emphasis added.) This court has previously recognized

cussed in the concurring opinion, have an effective date of July 1, 1980. 1979 Wis. Laws 238, sec. 5. This enacted legislation "applies only to persons committing crimes on or after the effective date of the act." 1979 Wis. Laws 238, sec. 4. Since the Defendant (as well as Thelmer Davis) committed the crime for which she is on probation prior to 1980, these statutory changes are not applicable to the present case. Thus, as in *Davis,* 127 Wis. 2d at 491, we apply the principles espoused in *Huggett* to determine if there was cause to extend the Defendant's probation.

■

Section 973.09(3)(a), Stats., provides that a court "may extend probation" for cause. This makes the decision to extend a discretionary determination by the court. A discretionary order of a trial court will be affirmed on appeal if there is a reasonable basis for the decision. *Colby v. Colby,* 102 Wis. 2d 198, 207, 306 N.W.2d 57 (1981).

■

According to *Huggett,* a court may find cause to extend probation if additional restitution will promote

---

the importance of assessing the probationer's ability to pay when imposing restitution. *Huggett,* 83 Wis. 2d at 800; *Gerard,* 57 Wis. 2d at 621.

Section 973.09(3)(b), Stats., provides in part that "[a] probationer shall not be discharged from probation until payment of the ordered restitution . . . has been made or the court determines that there is substantial reason not to continue to require payment." This language qualifies sec. 973.09(3)(a), relied on in Huggett, which provides that the court may extend probation for cause. This statute directs the court to extend probation for failure to make restitution, unless there is substantial reason not to extend. The burden is on the probationer to show cause why probation should not be extended, rather than on the court to show cause to extend.

the goals of probation *and* if the probationer can make more than negligible payments. We conclude that where, as here, no attempt was made by the court to determine the probationer's ability to pay at the time restitution was ordered, and the probationer was led to believe that if she conformed to the terms set by her probation agent that she would be complying with the conditions of her sentence, the goals of probation will not be promoted by altering the conditions and extending probation six years later. Thus, under *Huggett,* no cause existed to extend probation, and for the court to extend was an abuse of discretion.

According to the record, when the circuit court initially ordered probation and restitution in the amount of $3,180, no payment plan was established by the court nor was a report made on Defendant's ability to pay.[6] At the April 17, 1984 extension hearing, Defendant testified that the judge did not tell her to get a job, so she made her monthly restitution payments solely out of her AFDC checks. She stated that she did not seek any employment until 1980, because her children were too young, and since 1980, she looked for work a couple times a month. Furthermore, she stated that

---

[6] The transcript of April 21, 1978 hearing shows that the Defendant's attorney informed the court that the Defendant was unemployed but that her family would assist her in making payments. Defendant's attorney informed the court that the Defendant would make monthly payments of twenty-five dollars and would increase those payments when her employment situation changed. The court set restitution at $3,180 without ordering a payment plan and without considering the income the Defendant would use to make the payments, i.e., her AFDC checks. Furthermore, if the Defendant could only make monthly payments of twenty-five dollars, the court set restitution at an amount beyond which the Defendant could pay within the five-year probationary period.

her probation agent did tell her to "get out and look" for work, but that the agent did not aid her in the search. As to her state of unemployment at the time of the second extension hearing, the Defendant testified that she was under a doctor's care for phlebitis, and that her doctor recommended that she not work at that time.

Defendant's belief that she was complying with the conditions of her probation was reinforced by her probation agent. The agent testified that getting a job was not a part of the court order, nor was it a primary focus of the supervision. While she did ask the Defendant to look for work and used the yellow pages to help the Defendant locate places to look, the agent stated that she did not make extensive efforts to find work for the Defendant because the Defendant had minor children. Since Defendant was making regular payments, the agent did not require the Defendant to keep records of the places where she sought employment. Furthermore, the agent testified that she was satisfied with the Defendant's efforts at payment, that the Defendant had achieved the rehabilitative goals that were the intention of her probation supervision, and that additional restitution would not affect the objectives of probation.

The circuit court failed to consider the Defendant's ability to pay restitution at the time restitution was ordered. This same situation confronted this court in the *Davis* case, 127 Wis. 2d at 492. In *Huggett,* this court emphasized the importance of determining the probationer's ability to pay when imposing restitution. *Huggett,* 83 Wis. 2d at 800. While ordering restitution protects the community interest of having victims of crimes made financially whole, ordering a restitution

amount beyond the probationer's ability to pay undermines the probationer's sense of responsibility, thus defeating the goals of probation. Not considering the probationer's ability to pay at the time restitution is imposed thwarts the goals of probation, and further extensions would not promote the purposes of probation.[7]

Defendant's failure to make full restitution is largely due to the lack of communication between the court and the probation office. No payment plan was established by the court, until the June 21, 1984 hearing when Judge Gorenstein ordered her to make monthly payments of one hundred dollars. Thus, for six years, the probationer was supervised and was allowed to make her payments out of her AFDC checks. As in *Davis,* 127 Wis. 2d at 491, the "defendant was led to believe that, were she to conform to the terms of her probation, she would be complying with the conditions of her sentence." Yet, despite the fact that she followed her probation agent's conditions, Judge Gorenstein, six years later, extended her probation for two years and ordered her to get a job or go to jail. We hold that extending probation and ordering the probationer to seek employment this late in time, after the probationer has complied with the probation agent's conditions, is unreasonable, and an abuse of discretion. This type of order should have been considered at the time restitution was imposed.

We conclude that the trial judge abused his discretion in extending probation, because under *Huggett* no cause to extend existed.

---

[7] The current statutes have addressed this issue by placing the obligation on the courts to consider the probationer's financial resources and future ability to pay when determining the amount and method of payment of restitution. Section 973.09(1m)(a), Stats.

*By the Court.*—The decision of the court of appeals is reversed. The case is remanded to the circuit court with directions to discharge Wanda F. Jackson from supervision arising out of her conviction for violation of sec. 49.12(1) and (6), Stats.

SHIRLEY S. ABRAHAMSON, J. *(concurring)*. I concur with the result in this case. I write separately to emphasize that both the case law and the statutory law in Wisconsin require probation to serve the dual goals of rehabilitating the probationer and making the victim whole to the extent possible. The circuit court must establish a reasonable restitution schedule that reflects the dual goals, the probationer's financial resources and future ability to pay, the victim's loss, and the maximum term of probation. *See State v. Thelmer Davis,* filed Feb. 11, 1986 (Abrahamson, J., concurring). 127 Wis. 2d 486, 381 N.W.2d 333 (1986).

LOUIS J. CECI, J. *(dissenting)*. I dissent from the majority opinion for the same reasons set forth in my dissent in *State v. Thelmer Davis,* released February 11, 1986. 127 Wis. 2d 486, 381 N.W.2d 333 (1986).

I would affirm the court of appeals. The circuit court did not abuse its discretion in extending Ms. Jackson's probation. The record supports a determination that cause exists for extending probation; the hearing transcripts indicate that the circuit court relied on applicable law in reaching its determinations. The defendant certainly had the capacity to make full restitution, yet she failed to do so.

This case represents another instance in which a probationer has failed to meet a condition of her probation: here, full restitution of an overgrant of assistance

of $3,180 which she failed to report, to be made within five years. She was unemployed for the duration of this time. She was, however, receiving and accepting AFDC payments. She stated she made several attempts within that time to seek employment. The trial court was unconvinced with her efforts. It ordered her to find a job. The majority, however, is now content to condone and legitimize her failure to make restitution and to dismiss the defendant's failure as an abuse of the circuit court's discretion.

If restitution is to promote the goals which this court identified in *Huggett v. State*, 83 Wis. 2d 790, 798, 266 N.W.2d 403 (1978), then restitution as a condition of probation must not be reduced to a mere suggestion or proposal, to be met only if it does not interfere with the normal lifestyle of the defendant during the probationary period. The majority decision in effect reduces restitution to a mere suggestion, not a condition. To so hold disserves the goals of probation: " 'the rehabilitation of those convicted of crime and the protection of the state and community interest.' " *Id.* (quoting *State v. Tarrell*, 74 Wis. 2d 647, 653, 247 N.W.2d 696 (1976)).

Here, the circuit court merely ordered that probation be extended and that the defendant find work in order to meet her restitution requirements. The majority intimates that ordering the defendant to obtain a job from which she might make restitution runs contrary to the initial conditions of probation. The circuit court, however, merely expressed that which ought to have been pursued by the defendant from the very imposition of probation. It should be unnecessary for the circuit court to need to order the defendant to find a job in the first place, but it is unreasonable to find that such an order constitutes an abuse of discretion.