STATE of Wisconsin, Plaintiff-Respondent,

v.

Louis J. HEYN, Defendant-Appellant.

Supreme Court

*No. 89-0939-CR. Argued April 25, 1990.—Decided June 13, 1990.*

(Also reported in 456 N.W.2d 157.)

For the defendant-appellant there were briefs (in the court of appeals) and oral argument by *Mark Lukoff,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *Paul Lundsten,* assistant attorney general, with whom on the brief (in the court of appeals) was *Donald J. Hanaway,* attorney general.

LOUIS J. CECI, J. This case is before the court on certification from the court of appeals pursuant to sec. (Rule) 809.61, Stats. The defendant, Louis J. Heyn (Heyn), appeals from an amended judgment of conviction and from an order denying his motion for post-conviction relief. The issue certified to this court is whether the circuit court may require a probationer to pay for the installation of a burglar alarm in the home of his or her burglary victim either as restitution or as a reasonable and appropriate condition of probation under sec. 973.09(1), Stats. 1985-86.[1] We conclude that under

---

[1]Section 973.09(1) provides in relevant part as follows:

**973.09 Probation.** **(1)** (a) . . . [I]f a person is convicted of a crime, the court, by order, may withhold sentence or impose sentence under s. 973.15 and stay its execution, and in either case place the person on probation to the department for a stated period, stating in the order the reasons therefor. The court may impose any conditions which appear to be reasonable and appropriate . . ..

(b) If the court places the person on probation, the court shall require restitution designed to compensate the victim's pecuniary loss resulting from the crime to the extent possible, unless the court

the unique circumstances presented by this case, the circuit court could, in its discretion, require a probationer to pay for the installation of a burglar alarm as a reasonable and appropriate condition of probation under sec. 973.09(1)(a). We therefore affirm the amended judgment of conviction and order of the circuit court.

The facts of this case are undisputed. On or about November 13, 1987, Lawrence Gunnels reported to the Walworth County Sheriff's Department that his home had been burglarized and that money, a fur coat, and a 1987 Chevrolet Cavalier had been taken from the home. On July 28, 1988, the state of Wisconsin issued a criminal complaint against Heyn, alleging his involvement in numerous crimes, including the burglary of the Gunnels' home. Heyn waived the preliminary examination on August 8, 1988, and the state filed an information charging him with, *inter alia,* the burglary of the Gunnels' home and with three additional counts of burglary, contrary to sec. 943.10(1)(a), Stats. On August 12, 1988, Heyn pleaded guilty to each of the four counts of burglary, and the circuit court accepted his pleas. Shortly thereafter, Lawrence Gunnels filed an amended affidavit of restitution with the court, seeking restitution in the amount of $4,082.73 for property that had been lost or damaged during the burglary of his home.

The circuit court held the sentencing hearing on September 16, 1988. Lawrence Gunnels was present at the hearing and described the burglary and its impact on his family. Gunnels told the court that on the night of the burglary, his wife awoke at approximately two

finds there is substantial reason not to order restitution as a condition of probation. If the court does not require restitution to be paid to a victim, the court shall state its reason on the record . . ..

All statutory references in this opinion are to the 1985-86 statutes.

o'clock a.m., found the front door of the house ajar, and got him out of bed. Gunnels stated that he immediately called the sheriff's department and then searched the house to make certain that there was no one still inside. Gunnels told the court that after he had finished searching the house, he noticed that his wife "was cowering over in the corner, crying" and that he "tried to reassure her as best [he] could that there was no one in the house." Gunnels stated that the burglary was a traumatic experience for his wife and that after the burglary she was under a doctor's care. Gunnels further stated that he had installed a burglar alarm in the house as a direct result of the crime and that the cost of the installation of the burglar alarm was approximately four thousand dollars.

At the conclusion of the hearing, the court sentenced Heyn to ten years in prison on one of the four counts of burglary charged in the information. The court further sentenced Heyn to five years in prison for the burglary of the Gunnels' home and to five years in prison for each of the two remaining counts of burglary, to run consecutive to each other and consecutive to the ten-year sentence. The court stayed the five-year sentences and placed Heyn on twelve years of probation for each of those three burglaries, to run concurrent with each other but consecutive to the ten-year sentence. As a condition of probation, the court ordered Heyn to pay to the Gunnels the amount of $4,082.73 as restitution and an additional $4,000.00 which would "either apply to the pain and suffering or the burglary alarm, whichever is appropriate under the law . . .." The court directed the probation department to reassess Heyn's ability to pay those amounts at the time of the commencement of his probation.

On February 15, 1989, Heyn filed a motion for post-conviction relief. The circuit court heard the motion on April 27, 1989. At the hearing, Heyn argued that the circuit court could not order him to pay $4,000.00 to the Gunnels for the cost of the burglar alarm or for pain and suffering because neither award was proper under the victim restitution provisions of secs. 973.09(1)(b) and (8)(a), Stats. The state countered that even if the award was not a proper form of restitution under sec. 973.09(1)(b), it was nevertheless a reasonable and appropriate condition of probation under sec. 973.09(1)(a). At the conclusion of the hearing, the court stated:

> I'm going to rule, uphold my original judgment. I think it's something that the appellate court has to address. Because I don't think that it is at all clear, and the extent of the court's discretion under (1)(a) has to be tested. So the courts can know just how far they can go in terms of reasonable and appropriate conditions of probation. Do they include things over and above the form of restitution . . ..
>
> So, that is my ruling. The amount of $4,000 for the burglar alarm, and/or the pain and suffering will remain . . ..

The circuit court denied Heyn's motion for post-conviction relief by order entered May 9, 1989.

Heyn appealed to the court of appeals, which certified the case to this court. We granted the certification request and took jurisdiction of the appeal to determine whether the circuit court properly ordered Heyn to pay $4,000.00 to the Gunnels as a condition of his probation.[2] The circuit court characterized this amount as representing either the cost of the installation of the

---

[2]On this appeal, Heyn does not challenge the authority of the circuit court to require him to pay the amount of $4,082.73 to the

burglar alarm or damages for pain and suffering, whichever would be appropriate under sec. 973.09(1), Stats. We therefore begin our analysis of the issue presented with a discussion of the provisions of that statute.

Probation is not a matter of right to a defendant, but instead is a privilege. *Edwards v. State,* 74 Wis. 2d 79, 83, 246 N.W.2d 109 (1976). Section 973.09(1)(a), Stats., grants to the circuit court broad discretion to place a convicted person on probation and to "impose any conditions which appear to be reasonable and appropriate" on that probation. This court has stated that requiring a convicted person to pay restitution to a victim is one of many permissible conditions of probation. *See State v. Jackson,* 128 Wis. 2d 356, 363, 382 N.W.2d 429 (1986). Section 973.09(1)(b) requires the circuit court to order a convicted person to pay restitution designed to compensate the victim's pecuniary loss resulting from the convicted person's criminal activity in all proper cases. Section 973.09(8)(a) defines pecuniary loss as "[a]ll special damages . . . which a person could recover against the probationer in a civil action arising out of the [criminal] events . . . including . . . the money equivalent of loss resulting from property taken, destroyed, broken or otherwise harmed and out-of-pocket losses, such as medical expenses . . . .."

On this appeal, Heyn argues that the circuit court could not require him to pay $4,000.00 to the Gunnels for the cost of the installation of the burglar alarm or for pain and suffering because neither award is proper under the victim restitution provisions of sec. 973.09(1)(b), Stats. The state also recognizes that the cost of a burglar alarm installed after the fact of the crime and compensa-

Gunnels as restitution for property which was damaged or lost during the commission of the burglary of their home.

tion for pain and suffering may not fall within the definition of pecuniary loss contained in sec. 973.09(8)(a). The state argues, however, that the restitution provisions of sec. 973.09(1)(b) do not restrict the general authority of the circuit court under sec. 973.09(1)(a) to condition a defendant's probation on the satisfaction of any requirement which is reasonable and appropriate. The state therefore maintains that, even if the condition at issue cannot be characterized as restitution under sec. 973.09(1)(b), it may nevertheless be upheld as a reasonable and appropriate condition of probation under sec. 973.09(1)(a).

The state's position is supported by the recent decision of the Wisconsin Court of Appeals in *State v. Connelly,* 143 Wis. 2d 500, 421 N.W.2d 859 (Ct. App. 1988). In that case, the court of appeals described the relationship between secs. 973.09(1)(a) and (1)(b), Stats., as follows:

> The statute does not state that the only time a probationer can be required to pay out funds as a consequence of his or her criminal activity is to provide restitution to a crime victim. It simply requires that if there is an ascertainable victim, he or she must be compensated under the guidelines therein stated. The adoption of the mandatory victim restitution provisions of sec. 973.09(1)(b) did not inhibit or restrict the authority of a trial court to impose 'reasonable and appropriate' conditions of probation, as generally authorized by sec. 973.09(1)(a). The provisions of secs. 973.09(1)(a) and (1)(b) are cumulative and concurrent; the latter section neither usurps nor abridges the former.

*Id.* at 505.

We are likewise persuaded that the restitution provisions of sec. 973.09(1)(b), Stats., do not restrict the broad authority of the circuit court to condition probation on the satisfaction of any requirement which is reasonable and appropriate under sec. 973.09(1)(a). We therefore agree with the state's contention that even if requiring Heyn to pay $4,000.00 to the Gunnels for the cost of the installation of the burglar alarm or for pain and suffering is not victim restitution under sec. 973.09(1)(b), the requirement may nevertheless be upheld if it is a reasonable and appropriate condition of probation under sec. 973.09(1)(a). The question then is whether the condition at issue may be considered reasonable and appropriate under sec. 973.09(1)(a).

The validity and reasonableness of a condition of probation must be measured by how well the condition serves to effectuate the objectives of probation. *Huggett v. State,* 83 Wis. 2d 790, 798, 266 N.W.2d 403 (1978). The dual objectives of probation are the rehabilitation of those convicted of crime and the protection of the state and community interest. *Id.* This court has observed that conditioning probation on the satisfaction of requirements which are beyond the convicted person's control undermines the rehabilitation of the offender. *See id.* at 798–99. Thus, a condition of probation which requires the convicted person to pay out funds as a consequence of his or her criminal activity must be fairly related to the damage caused by the offender and to his or her ability to pay. *See id.* at 800.

We conclude that the rehabilitative objectives of probation are furthered where, as here, the circuit court requires a convicted person to pay the cost of the installation of a burglar alarm in the home of his or her bur-

629

glary victim as a condition of probation. Such a condition aids the offender's reformation by educating him or her that a burglary is not simply a taking or destruction of personal property, but is also an unjustifiable and unlawful personal intrusion which greatly diminishes or destroys the sense of security that each person has a right to expect in his or her home. The condition therefore impresses upon the convicted person the full extent of the harm caused by his or her criminal activities and teaches the offender to consider more carefully the consequences of his or her actions in the future. The community benefits, in turn, from the rehabilitative effects of the condition on the convicted person.

We further conclude that requiring Heyn to reimburse the Gunnels for the cost of the installation of the burglar alarm was a reasonable condition of probation on the facts of this case. The sentencing court required Heyn to pay a liquidated sum of money to reimburse the Gunnels for the cost of a burglar alarm which they would not have installed in their home but for the defendant's criminal activities. In addition, the court directed the probation department to reassess Heyn's ability to pay for the cost of the alarm at the time of the commencement of his probation. The condition was, therefore, reasonably related to the damage caused by Heyn's criminal activity and to his ability to pay. Accordingly, we hold that the circuit court properly required the defendant to pay for the cost of the installation of the burglar alarm as a reasonable and appropriate condition of his probation under sec. 973.09(1)(a), Stats.

*By the Court.*—The amended judgment of conviction and the order of the circuit court are affirmed.

630

SHIRLEY S. ABRAHAMSON, J. (dissenting). The defendant has inflicted severe personal pain and suffering on Mrs. Gunnel. Like other victims of burglary, she feels violated, her sense of safety and security has been shattered, the privacy and sanctity of her home have been destroyed. The defendant was sentenced to prison for 10 years, followed by 12 years of probation, for several burglaries. The circuit judge ordered the defendant to pay restitution in the sum of $4,082.73 as a condition of probation to pay for the Gunnels' pecuniary losses.

The issue presented by this case is whether the circuit court's additional order, requiring the defendant to pay the Gunnels $4,000, the cost of installing a burglary alarm system, for "the pain and suffering or the burglary alarm, whichever is appropriate under law . . ." is authorized by sec. 973.09, Stats. 1985–86. I conclude that it is not.

The circuit court's order to pay $4,000 has all the attributes of an order to pay restitution. Indeed the circuit court refers to the payment as *restitution.* Wisconsin statutes do not define the word *restitution;* the ordinary meaning of restitution is to make "a restoration of something to its rightful owner . . . a making good of or giving an equivalent for some injury." *Webster's Seventh New Collegiate Dictionary* 732 (1981). As the statute clearly states, and the majority recognizes, majority op. at 627, restitution under sec. 973.09(1)(b) does not include the cost of the burglary alarm system. Perhaps the legislature should have included it, but it did not.

The majority opinion reasons the circuit court may order payment of $4,000 as a condition of probation under sec. 973.09(1)(a) so long as it appears "reasonable and appropriate." As a result of the majority opinion, the circuit court may circumvent the restrictions on restitu-

tion the legislature established under sec. 973.09(1)(b) by imposing restitution under sec. 973.09(1)(a). This reading of the statute is, in my opinion, inconsistent with the language of sec. 973.09 and the legislative intent and renders sec. 973.09(1)(b) governing restitution superfluous. I therefore dissent.

I am authorized to state that Chief Justice Nathan S. Heffernan joins this dissent.