STATE of Wisconsin, Plaintiff-Respondent,

v.

Daniel A. HANDLEY, Defendant-Appellant.

Court of Appeals

*No. 92–1083–CR. Oral argument November 24, 1992.—Decided January 20, 1993.*

(Also reported in — N.W.2d —.)

On behalf of defendant-appellant, the cause was submitted on the briefs and oral argument of *Keith A. Findley,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general and *Sharon Ruhly,* assistant attorney general. Oral argument by *Sharon Ruhly.*

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J.   Daniel Handley appeals from a judgment of conviction and an order denying postconviction relief pursuant to Rule 809.30(2)(h), Stats. Handley argues that the trial court's requirement that he deposit $2000 on account as a condition of probation to cover yet unneeded counseling expenses of the victims was invalid because the court did not follow the provisions of the restitution statute, sec. 973.20, Stats., and because restitution may not be imposed for speculative, unrealized, and unproven future losses. We conclude that there were no facts or inferences from facts in the record to provide a basis for the deposit requirement imposed by

the trial court. Therefore, we reverse that portion of the judgment ordering the deposit condition and that portion of the order denying Handley's challenge to the conditions of probation.

On September 12, 1990, Handley left a tavern in the early morning and found himself locked out of his house. Handley went to a neighbor's house and was let inside by his friend, Scott T. Scott then went back to sleep. The criminal complaint alleged that during the night Handley entered two bedrooms of Scott's sisters, Kerry T., fifteen, and Sherry T., sixteen. It alleges that while Sherry was sleeping, Handley sexually assaulted her by fondling her breasts and vaginal area. It also alleges that while Kerry was sleeping, Handley sexually assaulted her by pulling down her underpants and rubbing her buttocks. Based on these facts, the information charged Handley with second-degree sexual assault and burglary in violation of secs. 940.225(2)(d), and 943.10(1)(f), Stats., for his actions related to Sherry. Handley was also charged with sexual contact with a person under age sixteen, second-degree sexual assault and burglary in violation of secs. 948.02(2), 940.225(2)(d) and 943.10(1)(f), Stats., for his actions related to Kerry.

Handley pled guilty to the count of second-degree sexual assault regarding Sherry and the count of burglary involving Kerry's room. The count of sexual contact with a person under age sixteen was dismissed with prejudice. The remaining two counts were dismissed, but read in for purposes of sentencing. At the sentencing hearing, the victims testified that they had not received counseling, nor did they think that they would need it at any time in the future. In the presentence investigation

840

report, their mother also stated that she did not think the girls would be in need of counseling in the future.

The circuit court sentenced Handley to three years in prison plus costs for the sexual assault. For the burglary, the court sentenced him to ten years of probation consecutive to the prison sentence. As a condition of the probation, the circuit court also ordered that there be restitution to reimburse counseling costs in the future. The court structured the condition as follows:

> I am requiring him in the first three years after his probationary period starts, that he must deposit $2,000 with his probation officer. That's $1,000 for Kerry and $1,000 for Sherry. They don't get that money, but if they need treatment as a result of what happened, they have but to get this treatment and then they can use the medical report about that treatment or at least the bill for it showing it was related to this incident. And they can recoup that cost from that money.
>
> . . . [I]f they didn't use it at the end of five years after the probation starts, it's eight years from now . . . then he gets it back plus whatever interest has accumulated in the account.

On the judgments of conviction, the court indicated that restitution was TO BE DET'D (i.e., determined) according to this condition.

Handley filed a postconviction motion pursuant to Rule 809.30(2)(h), Stats., seeking a modification of his sentence and challenging the condition for the establishment of the reimbursement account. The circuit court

denied the motion. Handley appeals the portion of that order denying his challenge to the probation condition.[1]

## RELIEF AVAILABLE FOR UNMANIFESTED INJURIES

Handley argues that the circuit court exceeded its statutory authority by imposing a condition related to speculative and unclaimed psychological treatment expenses that the victims might incur in the future. He argues that the condition is restitution and is subject to the additional requirements of sec. 973.20, Stats.; because the circuit court's condition was not issued in accordance with those requirements, the condition is invalid. Because we hold that there were no facts or inferences from facts in the record to support the imposition of the condition, we need not decide whether the condition imposed in this case was restitution, thus bringing the requirements of sec. 973.20 into play.[2]

It is within the circuit court's broad discretion to place a convicted person on probation and to impose any conditions which appear to be reasonable and appropriate on that probation. *State v. Heyn,* 155 Wis. 2d 621, 627, 456 N.W.2d 157, 160 (1990). Discretion contemplates a process of reasoning which must depend on facts that are of record or that are reasonably derived by infer-

---

[1] Handley does not raise on appeal the modification of sentence argument; thus, we affirm that portion of the trial court's order which rejected this argument.

[2] In the request for oral argument, this court asked the parties to discuss whether the prison sentence for the sexual assault of Sherry precluded the circuit court from imposing a condition of probation related to the sexual assault on the probation sentence for the burglary of Kerry's room. Because we hold that the condition imposed is invalid for other reasons, we will not address this issue.

ence from the record. *McCleary v. State,* 49 Wis. 2d 263, 277, 182 N.W.2d 512, 519 (1971).

The record in this case is devoid of any indication that Sherry and Kerry are in need of psychological treatment at this time. The testimony by the victims was that they do not anticipate the need for counseling in the future. The only intimation that counseling may be needed in the future is found in the recommendation by T. M. Harrig, a state probation and parole agent for the department of corrections, who prepared the presentence investigation report. He recommended

> as conditions of the defendant's probation, that [Handly] be responsible for all costs incurred as a result of this prosecution, *including restitution that could be requested by the victims pertaining to reimbursement for counseling,* and that this matter of restitution be held open for a period of one year to allow the victim [sic] time to determine if they are in need of such counseling . . .. [Emphasis added.]

An examination of the report reveals no facts supporting this recommendation. The agent's recommendation appears to be in line with the prior practice by the courts where restitution was often left open for an average of 178 days after sentencing. *See* Report to the Joint Legislative Audit Committee by Dale Cattanach, State Auditor for the Wisconsin Legislative Audit Bureau (April 15, 1985). The passage of sec. 973.20, Stats., eliminated this procedure. That section requires the court to ask the district attorney prior to sentencing if any victims claim restitution. Section 973.20(13)(c). The court is required to determine the amount of restitution prior to sentencing unless the amount is disputed. *Id.* When the amount is disputed, the statute provides options for the resolution of the dispute, but in no case is

the restitution left open for longer than ninety days after sentencing. *Id.* The agent's recommendation, following a procedure no longer authorized by statute, should not have played a part in the court's sentencing decision.

There are also no facts in the record supporting the circuit court's determination that $1000 for each victim would be appropriate or adequate if counseling were needed. There is nothing in the record indicating that this sum is anything but an arbitrary amount set by the judge.

The concern of the court for the victims' possible future needs for counseling is a laudable one. The possibility that unmanifested injuries exist for many crimes and the new timelines for determining restitution make it more likely that an initial order of restitution will not reflect all injuries incurred. In this regard we agree with the dissent. However, what the dissent fails to realize is that remedies are available to the victim when the injuries manifest themselves. Restitution is a condition of probation or parole. Section 973.20(1), Stats. The victim may request a modification of the conditions of probation through sec. 973.09(3)(a), Stats. If a sentence was imposed, the victim may provide the parole commission with a written statement asking to impose restitution as a condition of parole. *See* sec. 304.06(1)(e), Stats. Under each of these remedies, the burdens of proof and other procedures of sec. 973.20 are followed in order to ensure that the restitution is reasonable and appropriate. *See Heyn,* 155 Wis. 2d at 627, 456 N.W.2d at 160. In addition, the victim has remedies through civil suit against the offender, regardless of what takes place in the criminal proceedings. *See* sec. 973.20(8). These alternatives for the victim to be reimbursed for injuries discovered in the future adequately provide for the vic-

tim without undermining the offender's rehabilitation. *See Heyn*, 155 Wis. 2d at 629, 456 N.W.2d at 161.

For these reasons we reverse the trial court's denial of the postconviction motion as it related to the condition of probation for providing reimbursement to the victims. Accordingly, we also reverse that portion of the judgment imposing the condition and affirm the remainder of the judgment.

*By the Court.*—Judgment affirmed in part, reversed in part; order affirmed in part, reversed in part.

NETTESHEIM, P.J. (*dissenting*). I contend that the condition of probation requiring Daniel Handley to deposit moneys to cover the cost of the victims' possible psychological treatment as a result of Handley's sexual assaults is reasonable. Therefore, I respectfully dissent from the majority opinion.

Section 973.09(1)(b), Stats., authorizing restitution, and sec. 973.20, Stats., setting out the procedures for determining restitution, assume that restitution is appropriate and that the restitution amount is either known or ascertainable *at the time of sentencing. See* sec. 973.20(13). The majority decision assumes that the probation condition at issue in this case is restitution. Since the need for restitution does not presently exist, the majority understandably concludes that the restitution statutes do not contemplate or permit the payment condition ordered by the trial court in this case.

The majority's error lies in its assumption that the condition of probation is restitution. Although the trial court's order has a restitution ring to it, I contend that the payment of the money contemplated by the order is not, *at this time*, restitution. It will only become such when, and if, the victims actually require treatment. At

such time, the trial court may address any restitution claims under the applicable law.

Until then, I contend that this case is governed by sec. 973.09(1)(a), Stats., which authorizes reasonable and appropriate conditions of probation:

> [T]he court, by order, may witold sentence or impose sentence under s. 973.15 and stay its execution, and in either case place the person on probation to the department for a stated period, stating in the order the reasons therefor. *The court may impose any conditions which appear to be reasonable and appropriate.* [Emphasis added.]

In *State v. Heyn*, 155 Wis. 2d 621, 456 N.W.2d 157 (1990), the Wisconsin Supreme Court, adopting the court of appeals' language in *State v. Connelly*, 143 Wis. 2d 500, 421 N.W.2d 859 (Ct. App. 1988), explained the interaction between sec. 973.09(1)(a), Stats., authorizing "reasonable and appropriate" conditions of probation and sec. 973.09(1)(b), authorizing restitution:

> The statute [sec. 973.09, Stats.] does not state that the only time a probationer can be required to pay out funds as a consequence of his or her criminal activity is to provide restitution to a crime victim. It simply requires that if there is an ascertainable victim, he or she must be compensated under the guidelines therein stated. The adoption of the mandatory victim restitution provisions of sec. 973.09(1)(b) did not inhibit or restrict the authority of a trial court to impose 'reasonable and appropriate' conditions of probation, as generally authorized by sec. 973.09(1)(a). The provisions of secs. 973.09(1)(a) and (1)(b) are cumulative and concurrent; the latter section neither usurps nor abridges the former.

*Heyn,* 155 Wis. 2d at 628, 456 N.W.2d at 160 (citation omitted).

Instead of interpreting these two subsections of the probation statutes as "cumulative and concurrent" pursuant to *Heyn,* the majority interprets the restitution subsection as usurping the trial court's discretionary authority to otherwise fashion financial conditions of probation which seek to rehabilitate the offender through reasonable conditions of probation. *See id.* at 629, 456 N.W.2d at 161.

Medical authorities recognize that the trauma of sexual assault and the need for treatment may not emerge until long after the assault itself. The American Medical Association's Council on Scientific Affairs recently reported that the after effects of sexual assault are "persistent and long lasting." Council on Scientific Affairs, *Violence Against Women; Relevance for Medical Practitioners,* J.A.M.A. 3181, 3185 (June 17, 1992). The same authority reports that "[v]ictims often react with chronic anxiety and feelings of vulnerability, loss of control, and self-blame long after the assault. Long-term reactions include anxiety, nightmares, catastrophic fantasies, feelings of alienation and isolation, sexual dysfunctions, and physical distress." *Id.* In addition, the council reported that "[a]pproximately one fifth of child sexual abuse victims evidence serious long-term psychological effects." *Id.* at 3187.

A victim's reaction to sexual assault can follow two stages: (1) the acute phase (disorganization), and (2) the long-term process (reorganization). Martin, Warfield, & Braen, *Physician's Management of the Psychological Aspects of Rape,* J.A.M.A. 501, 501 (Jan. 28, 1983). The latter process may last for months or years. *Id.* at 503. A victim's outward behavior may not reflect the degree or

847

nature of the emotional crises which she is experiencing. *Id.* at 501.

Other authorities report that 26% of sexual assault victims did not feel recovered by the end of follow up, which was four to six years after the attack. Riesenberg, *Treating a Societal Malignancy—Rape,* 257 J.A.M.A. 726, 727 (Feb. 13, 1987).

Finally, and most importantly to this case, victims of sexual assault may not seek psychotherapy until months or years after the assault. Rose, *"Worse Than Death": Psychodynamics of Rape Victims and the Need for Psychotherapy,* 143 Am. J. Psychiatry 817, 823 (July 1986).

I of course hope that the young victims' beliefs that they do not or will not need treatment or counseling is well founded. However, in light of the medical data, these victims are probably the least informed or capable of making such a judgment at this time. If the need for treatment arises in the future, the victims may make application for the funds provided by this condition of probation. The court should then determine whether the funds should be made available to the victims under the appropriate law.

Probation is not a matter of right to a defendant; instead it is a privilege. *Heyn,* 155 Wis. 2d at 627, 456 N.W.2d at 160. Having accorded this privilege to Handley, the trial court's condition of probation attempts to rehabilitate Handley by educating that sexual assault often results in emotional trauma to the victim with an attendant need for treatment and resulting cost. The reasonableness of such a condition should not be governed solely by whether the victim in the particular case *presently* has such a need.

I conclude that sec. 973.09(1)(a), Stats., contemplates such a condition of probation. Under the facts of

this case, I further conclude that the condition is reasonable and appropriate.[1]

---

[1] This is especially so since the trial court has allowed for the return of the moneys with interest to Handley at the end of the probation period if the victims have made no claim to the fund.